**Alexandria**

SOUTHERN IRON WORKS INC.,

and HOME INDEMNITY COMPANY

v.

THOMAS C. WALLACE

No. 1358-92-4

Decided March 16, 1993

COUNSEL

Edward H. Grove, III (Brault, Palmer, Grove, Zimmerman, White & Mims, on brief), for appellants.

Michael W. Heaviside; (Ashcraft & Gerel, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Southern Iron Works, Inc. and Home Indemnity Company (Southern) appeal the decision of the Workers' Compensation Commission awarding Thomas Wallace (claimant) temporary total disability compensation pursuant to Code § 65.2-500. Southern challenges the commission's findings that claimant's hip condition was causally related to his prior compensable back injury. Southern argues that the claimant's hip injury is unrelated to the original back injury. In addition, Southern argues that claimant's hip injury resulted from cumulative trauma and, therefore, is not compensable as an injury by accident. We disagree and affirm the commission's decision.

On October 16, 1990, claimant was injured in the course of employment while "turning a steel beam." That same day, claimant was examined in the emergency room of the National Hospital for Orthopaedics and Rehabilitation. The emergency room physician diagnosed the injury as a strain to the lumbar region. On October 18, 1990, claimant returned to the hospital and was examined by Dr. Alexander. Claimant complained of severe pain in his left lower back with radiation down the left leg. Dr. Alexander diagnosed the injury as "acute lumbosacral strain and degenerative arthritis of the left hip."

A Memorandum of Agreement for compensation payment was approved by the commission on December 13, 1990. The award granted temporary total disability benefits from October 24, 1990 through November 25, 1990. In the Agreement, the injury was identified as "acute lumbosacral strain." Although claimant's back injury subsided, his arthritic hip condition continued to prevent him from returning

to work. On May 13, 1991, Dr. Maurice Cates examined the claimant and found that he was totally disabled from October 18, 1990 as a result of severe osteoarthritis of the left hip.

On July 29, 1991, claimant filed an application for hearing with the commission alleging a change in condition as a result of his earlier back injury. He sought temporary total disability benefits on the basis that the *injury* to his back aggravated an underlying arthritic condition in his hip. At the hearing, Southern raised the defense that the hip disability was not causally related to the accident of October 16, 1990, but was a pre-existing, unrelated condition.

The deputy commissioner found that the pre-existing hip condition was causally related to the prior accident and that the injury aggravated claimant's arthritic hip condition and was thus compensable. This finding was based on the uncontradicted opinion of Dr. Alexander, who stated that the *injury* to claimant's back aggravated a quiescent condition of arthritis in the left hip. The evidence showed that before the back injury, the arthritic condition was asymptomatic. After the accident, the condition became disabling.

The full commission affirmed the award on the basis that an aggravation of a pre-existing condition resulting in work incapacity is sufficient to support an award for a change in condition. The commission found that as early as October 18, 1990, the claimant was complaining of the derivative hip problem and, accordingly, determined that a causal relationship existed, even though the prior Memorandum of Agreement failed to mention the hip injury.

Under the holding in *Leonard v. Arnold*, 218 Va. 210, 237 S.E.2d 97 (1977), an award may be modified on a change of condition application, if the change is a "progression, deterioration, or aggravation of the compensable condition." *Id.* at 215, 237 S.E.2d at 100. Southern argues that the compensable condition was an "acute lumbosacral strain" and that no evidence established that the arthritic condition was an aggravation or acceleration of the claimant's lumbosacral strain. However, as early as October 18, 1990, claimant complained of pain in his hip. The medical opinion of Dr. Alexander established that, although the claimant suffered from a pre-existing arthritic condition before the accident, the *injury* to claimant's back aggravated this asymptomatic condition, causing it to become symptomatic. Dr. Alexander's medical opinion was uncontradicted.

■ A finding that a pre-existing condition was "accelerated or aggravated" by an injury sustained in an industrial accident establishes a causal connection between the injury and disability and the "disability resulting therefrom is compensable under the Workers' Compensation Act." *Olsten of Richmond v. Leftwich*, 230 Va. 317, 320, 336 S.E.2d 893, 895 (1985) (citation omitted).

■ The doctrine of compensable consequences supports the commission's finding that claimant's symptomatic hip condition was compensable because it resulted from the back injury occasioned by the accident of October 16, 1990. "[W]here a causal connection between the initial compensable injury and the subsequent injury is established, . . . the subsequent injury 'is treated as if it occurred in the course of and arising out of the employee's employment.' " *Bartholow Drywall Co. v. Hill*, 12 Va. App. 790, 794, 407 S.E.2d 1, 3 (1991) (quoting *Leonard*, 218 Va. at 214, 237 S.E.2d at 100). A change of condition claim based on the aggravation of a prior compensable injury falls within this doctrine. *Bartholow*, 12 Va. App. at 797, 407 S.E.2d at 5. The commission relied upon the statement by Dr. Alexander that, although the arthritic condition was not *caused* by the accident of October 16, 1990, it "brought the problem to the fore" by aggravating the pre-existing condition and *causing* it to become symptomatic.

■ We disagree with Southern's assertion that the hip condition was the result of cumulative trauma. The commission found that claimant's hip condition was aggravated by his back injury and that finding is supported by credible evidence in the record. Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal. Code § 65.2-706; *Manassas Ice & Fuel Co. v. Farrar*, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). The medical evidence relied upon by the commission was uncontroverted. Therefore, credible evidence in the record supports the commission's finding. Accordingly, this finding will not be disturbed on appeal.

*Affirmed.*

Benton, J., and Bray, J., concurred.