COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

WELLS FARGO
AND
CONSTITUTION STATE SERVICE COMPANY          MEMORANDUM OPINION[*]
                                                 PER CURIAM
v.   Record No. 0931-96-4                    OCTOBER 1, 1996

JUDY WALKER-REYNOLDS

             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Lisa C. Healey; Siciliano, Ellis, Dyer &
                  Boccarosse, on brief), for appellants.

                  (Peter M. Sweeny, on brief), for appellee.


     Wells Fargo and its insurer contend that the Workers'

Compensation Commission ("commission") erred in finding that Judy

Walker-Reynolds ("claimant") proved that her post-February 6,

1995 disability is causally related to her compensable November

1, 1994 injury by accident.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In finding that claimant sustained her burden of proving a compensable change in condition, the commission found as follows:

> [T]he evidence predominates that the claimant's symptoms after February 6, 1995, remain related to her November, 1994, fall. As Dr. [Donald L.] MacNay notes, the claimant has continued to have persistent, severe symptoms since the accident which did not let up. Dr. [Anthony] Debs states that the fall aggravated the claimant's pre-existing back problem. We are not persuaded by Dr. [Mayo] Friedlis' opinion that the claimant has reached her pre-injury state, and his view that the lumbar sprain would have resolved by February 6, 1995, absent a pre-existing back problem is speculative. Moreover, Dr. MacNay has treated the claimant since 1990, and is most qualified to determine whether the claimant had returned to her pre-injury state. Aggravation of a pre-existing condition is compensable if it results from a compensable injury by accident. Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 428 S.E.2d 32 (1993).

As fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. MacNay's opinion, and to reject Dr. Friedlis' opinion to the contrary. In cases of conflicting medical evidence, "[t]he general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986).

2

Dr. MacNay's opinion constitutes credible evidence to support the commission's decision.  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For the reasons stated, we affirm the commission's decision.

Affirmed.