COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


HEALTHSOUTH MEDICAL CENTER/
 HEALTHSOUTH REHABILITATION
 CORPORATION AND INSURANCE
 COMPANY OF NORTH AMERICA                 MEMORANDUM OPINION[*]
                                              PER CURIAM
v.    Record No. 2690-96-2                 APRIL 15, 1997

GLORIA PIGNATORE


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                   (James G. Muncie, Jr.; Midkiff & Hiner, on
                   brief), for appellants.

                   (Andrew J. Reinhardt; Kerns, Kastenbaum &
                   Reinhardt, on brief), for appellee.



        HealthSouth Medical Center, HealthSouth Rehabilitation, and

its insurer (hereinafter collectively referred to as "employer")

contend that the Workers' Compensation Commission (commission)

erred in finding that Gloria Pignatore proved by a preponderance

of the evidence that her November 14, 1995 back surgery and

resulting disability were causally related to her compensable

December 26, 1992 injury by accident.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, the evidence showed that Dr. Anthony G. Velo, a neurosurgeon, treated Pignatore for a back injury in 1983 and performed surgery on Pignatore's back on March 5, 1984.  Pignatore's symptoms continued after the surgery on an intermittent basis.  On July 24, 1987, Pignatore was involved in an automobile accident which exacerbated her back symptoms.  There is no evidence of medical treatment for Pignatore's back symptoms between February 1990 and December 1992.

Pignatore worked for employer for two years as a licensed practical nurse.  On December 26, 1992, she sustained a compensable low back strain while lifting a patient.  Dr. Michael K. Kyles, an orthopedic surgeon, began treating Pignatore for this injury.  He diagnosed a low back strain with nerve root involvement, for which he provided conservative treatment.  On June 13, 1994, after conservative treatment failed to resolve Pignatore's back symptoms, Dr. Kyles recommended surgery.  Surgery was postponed at that time and considered again in April 1995.  On November 2, 1995, Dr. Kyles opined that surgery to alleviate the compression of Pignatore's disc at L5-S1 on the right was absolutely necessary.

Upon a referral from Dr. Kyles, Pignatore sought medical treatment from Dr. Bruce E. Mathern, a neurosurgeon.  Dr. Mathern also opined that the surgery was necessary.

Employer declined to pay for the surgery.  Therefore,

2

Pignatore sought treatment from her family physician, who then referred her to Dr. J. Michael Simpson, an orthopedic surgeon. On November 14, 1995, Dr. Simpson performed a decompressive laminectomy of L-4 and L-5, and bilateral lateral fusion at L-4 to S-1 with Synthes pedicle screw instrumentation and left posterior iliac crest bone graft. Dr. Simpson opined that Pignatore's back pain and November 14, 1995 surgery were caused by her injury sustained while working for employer.

Dr. David Cifu, a physiatrist, performed a medical records review for employer. Dr. Cifu opined that the 1992 work-related accident was not the cause of Pignatore's current symptoms or the surgery. He opined that the surgery was a direct result of degenerative disc disease and scarring since 1983. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). The commission considered the totality of the evidence and ruled that Pignatore proved a causal connection between her 1995 surgery, and resulting disability, and her compensable 1992 injury by accident. In so ruling, the commission found that "[t]he compensable injury, in fact was superimposed upon [Pignatore's] preexisting back condition." See Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). Noting that Dr. Kyles did not attribute

3

Pignatore's injury solely to the 1992 event, the commission found that he did not exclude the 1992 event as a contributing cause. The commission further weighed the medical evidence and accepted Dr. Simpson's opinion that a causal connection existed between the surgery and the compensable injury.  Dr. Simpson's opinion provides credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Id.

In its role as fact finder, the commission was entitled to weigh and reject the opinions of Drs. Kyles and Cifu.  "[I]t is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review.  A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

For the reasons stated, we affirm the commission's decision.

Affirmed.