COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


ORVILLE L. DEMPSEY
                                      MEMORANDUM OPINION* BY
v.    Record No. 0086-01-2       JUDGE JEAN HARRISON CLEMENTS
                                        NOVEMBER 27, 2001
HENRICO (COUNTY OF) FIRE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Gregory S. Hooe (Brenner, Evans & Yoffy,
            P.C., on brief), for appellant.

            Michael P. Del Bueno (Ralph L. Whitt, Jr.;
            Whitt & Associates, on brief), for appellee.


     Orville L. Dempsey (claimant) appeals the decision of the

Workers' Compensation Commission (commission) denying his claim

for medical benefits from Henrico County Fire (employer).  He

contends the full commission erred in finding that his

precautionary medical treatment for possible tuberculosis was

not causally related to the tuberculin skin test he was given as

part of his required annual physical because (1) the evidence

did not support such a finding and (2) employer did not preserve

for review by the full commission the specific issue of

causation relevant to this case.  Finding no error, we affirm

the commission's decision.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

## I. EVIDENCE OF CAUSATION

Claimant contends the evidence presented was sufficient to establish that the precautionary medical treatment he received for possible tuberculosis was causally related to the tuberculin injection he was given in conjunction with his employment.  Thus, claimant concludes the commission erred in finding there was no causal relationship between his medical treatment and the compensable injury he suffered as a result of the tuberculin skin test.

In reviewing the commission's decision, we view the evidence in the light most favorable to employer, the party prevailing before the commission.  See Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998).  To recover the costs of medical treatment, claimant must prove, inter alia, that the medical treatment was causally related to the work-related injury.  See Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985).  The commission's determination of causation is a finding of fact.  American Filtrona Co. v. Hanford, 16 Va. App. 159, 165, 428 S.E.2d 511,

- 2 -

515 (1993). The factual findings of the commission are conclusive and binding on appeal if supported by credible evidence in the record. Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).

Here, the underlying facts and circumstances are not in dispute. On June 17, 1999, claimant, a firefighter, received as part of his required annual physical examination a skin test for tuberculosis consisting of a tuberculin injection in his left arm. The next day, claimant's left arm began to swell and turn red. On June 21, 1999, claimant sought medical care from his employee healthcare provider, who, upon examining his arm, referred him to his family physician for evaluation of a questionably positive tuberculin test.

Claimant's family physician, Dr. John Hoffman, examined claimant on June 23, 1999 and gave him a chest x-ray. He noted that claimant's lungs were clear[1] but also noted that, because it was greater than ten millimeters, the swelling in claimant's arm could be indicative of a positive reaction to the tuberculin skin test. After consulting with the staff of the University of Virginia Hospital, Dr. Hoffman prescribed a six-month treatment for possible tuberculosis as a precautionary measure. He placed claimant on the medication Asinusid for six months and ordered

---

[1] The June 24, 1999 radiology report of claimant's June 23, 1999 chest x-ray confirmed that claimant's lungs were "clear of acute disease."

- 3 -

monthly blood tests to check the medication's effect on his liver function. At no time was claimant diagnosed with tuberculosis.

On August 31, 1999, claimant filed a claim with the commission seeking to recover his medical expenses for the six-month prophylactic treatment, which arose, he alleged, from his June 21, 1999 work-related injury. The commission found that claimant's adverse reaction to the tuberculin injection —- the swelling and redness —- was a compensable work-related injury but concluded that the treatment for which claimant sought medical benefits was unrelated to that injury. As the commission noted:

> [Claimant] underwent a six-month course of treatment and routine monitoring of his liver function because of the concern that he had contracted tuberculosis, but there is no evidence that the injection caused, or could have caused, tuberculosis. The structural bodily change caused by the injection was limited to swelling and redness of the arm. There is no evidence that the claimant underwent treatment to reduce or eliminate this swelling and redness.

Thus, the commission concluded, "the employer in this case is only responsible for adverse reaction to the test and not the preventative treatment for the non-employment-related condition of possible tuberculosis."

- 4 -

It is, we find, abundantly clear from the record that, while the tuberculin injection administered to claimant caused an adverse reaction, it did not cause him to have tuberculosis. Claimant testified that he was never advised by anyone that he had tuberculosis. It is equally clear that the precautionary medical treatment for which claimant sought compensation was strictly for possible tuberculosis and not to alleviate or remedy the adverse reaction itself. Indeed, in response to his attorney's questions, claimant testified about the purpose of the treatment he received as follows:

> Q. Okay. Based upon Dr. Hoffman's examination of you and his conversations with UVA, what did you understand was going to be the course of treatment that was going to be provided? What were they going to do for you?
>
> A. They was [sic] going to put me on Asinusid for six months.
>
> Q. And what's the purpose of that particular medication?
>
> A. It's a treatment for tuberculosis.
>
> Q. Did you ask why you were being treated for tuberculosis when it appeared that you didn't have it?
>
> A. Yes, I did, and I was told it was precautionary.
>
> Q. And what was the reason for the precautionary measures that were taken, to your understanding?
>
> A. According to what UVA Hospital told Dr. Hoffman there had been a rash of TB cases coming up in the recent months and

> past couple of years and as a precaution
> they recommended that they go ahead and put
> me on a treatment for it.
>
> Q.  Okay.  And did you follow that
> treatment course?
>
> A.  Yes, sir, I did.

Furthermore, the record is devoid of any evidence showing that the medication prescribed by Dr. Hoffman for the treatment of possible tuberculosis was, as claimant suggests on appeal, also, "coincidentally," the treatment for the swelling and redness in his left arm.

Accordingly, we hold that the commission's factual finding that claimant's precautionary treatment was not causally related to his adverse reaction to the tuberculin skin test is supported by credible evidence.  It is, therefore, conclusive and binding on appeal.

II.  PRESERVATION OF ISSUE FOR REVIEW BY FULL COMMISSION

Claimant further contends the commission abused its discretion in reversing the deputy commissioner's decision with respect to the issue of the causal relationship between the work-related injury and claimant's medical treatment for possible tuberculosis because employer did not specifically raise that issue in its request for review or specifically argue that issue in its written statement.  We disagree.

A party's failure to specifically raise or argue a particular issue does not preclude the full commission's

- 6 -

consideration of that issue.  Rule 3.1 of the Rules of the Virginia Workers' Compensation Commission provides that the full commission may, "on its own motion, address any error and correct any decision on review if such action is considered to be necessary for just determination of the issues."  Thus, the commission may "address and correct, <u>sua</u> <u>sponte</u>, any error[] of the deputy commissioner" regardless of whether the error was specifically raised in the request for review or specifically addressed in the written statement.  <u>Russell Stover Candies v. Alexander</u>, 30 Va. App. 812, 821, 520 S.E.2d 404, 409 (1999).

Here, because, as we held above, credible evidence supports the commission's finding that claimant's medical treatment for possible tuberculosis was not causally related to his work-related injury, the commission did not err in reversing the deputy commissioner's decision in order to achieve a "just determination of the issues."

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>