COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and McClanahan
Argued at Salem, Virginia


JAMES NATHAN WALKER

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 3391-02-3     JUDGE ELIZABETH A. McCLANAHAN
                                           JULY 22, 2003
GENERAL SHALE PRODUCTS CORP. AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           George L. Townsend (Chandler, Franklin &
           O'Bryan, on briefs), for appellant.

           Thomas G. Bell, Jr. (Timberlake, Smith,
           Thomas & Moses, P.C., on brief), for
           appellees.


     James Nathan Walker (claimant) appeals a decision of the

Virginia Workers' Compensation Commission denying his

application to reinstate award benefits based on a change in

condition.  Claimant complains that: (1) the commission erred in

holding that claimant's application was time-barred under Code

§ 65.2-708 because the limitations period should have been

tolled due to incapacity under Code § 65.2-528; (2) no credible

evidence supports the commission's finding that claimant was not

incapacitated during the limitations period; (3) the commission

erred by not addressing claimant's argument that estoppel and/or

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

imposition barred employer from asserting the bar of the statute of limitations; and (4) that the doctrine of imposition should apply to save claimant's change-in-condition claim from the bar of the statute of limitations.[1] For the reasons that follow, we affirm the decision of the commission.

## I. Background

Claimant was working for General Shale Products Corp. when, on October 5, 1988, he suffered extensive, debilitating injuries in a forklift accident. Employer agreed that the injury was compensable, and the commission awarded claimant lifetime medical benefits and temporary total disability benefits.

Claimant was hospitalized at the Medical College of Virginia for eight to nine months immediately after the accident, and for additional periods of time until 1994. Since that time, claimant has not been hospitalized, except for occasional, injury-related psychiatric treatment. He began taking medication for depression and other psychological disorders as early as 1989.

In April 1994, claimant began treatment with Dr. Philip Halapin, a psychiatrist. Dr. Halapin met with claimant on a

---

[1] We do not address claimant's questions 3 or 4 because they were not properly preserved. Rule 3.1 of the Rules of the Virginia Workers' Compensation Commission provides that failure of a party to assign any specific error in its request for review may be deemed by the commission to be a waiver of the party's right to consideration of that error on review. This Court will not consider those arguments for the first time on appeal. Rule 5A:18.

quarterly basis throughout the time period at issue, mainly to assess claimant's mental status and to adjust his medications as necessary.

On August 31, 1994, employer filed an application alleging that between March and August 1994 claimant failed to keep several medical reevaluation appointments with his treating doctor at the Medical College of Virginia.[2]  After a hearing on the matter, a deputy commissioner found that claimant had unjustifiably refused to undergo medical reevaluation and suspended claimant's benefits.  The commission affirmed, stating that as of August 31, 1994, benefits would remain suspended for the duration of claimant's refusal to undergo medical reevaluation.

On November 5, 1998, claimant filed an application to reinstate benefits based on a change in condition, stating that he cured his refusal on September 22, 1995.  Employer asserted a defense that the two-year statute of limitations for filing a change-in-condition application had run; thus, claimant was time-barred from having his benefits reinstated.  Claimant conceded that the limitations period had run, but asked the commission to find that the statute of limitations on his

---

[2] Under the Workers' Compensation Act, an employer has the right to have a claimant examined by a physician.  Code § 65.2-607.

- 3 -

change-in-condition application was tolled, pursuant to Code § 65.2-528, due to incapacitation.

After presentation of medical evidence at hearing, the deputy commissioner found that claimant did not prove he was incapacitated. However, he reinstated claimant's benefits after holding that the two-year limitations period for filing a change-in-condition application did not apply because claimant's benefits were suspended, not terminated.

Upon request for review by employer, the commission affirmed the deputy commissioner's finding that claimant did not prove he was incapacitated. However, it denied claimant's change-in-condition application as time-barred under Code § 65.2-708(A), holding that the limitations period did apply to benefits that had been suspended. This appeal followed.

## II. Analysis

In accordance with well established principles, we consider the evidence in the light most favorable to the party prevailing below. States Roofing Corp. v. Bush Constr. Corp., 15 Va. App. 613, 616, 426 S.E.2d 124, 126 (1993). "Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." So. Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). The commission's findings, if supported by credible evidence or reasonable inferences drawn from the evidence, will not be disturbed upon review, even though the record may contain

- 4 -

evidence to support a contrary finding. <u>Morris v. Badger</u>
<u>Powhatan/Figgie Int'l, Inc.</u>, 3 Va. App. 276, 279, 348 S.E.2d
876, 877 (1986).

The Virginia Workers' Compensation Act defines a
"change in condition" as

> A change in physical condition of the
> employee as well as a change in the
> conditions under which compensation was
> awarded, suspended, or terminated which
> would affect the right to, amount of, or
> duration of compensation.

Code § 65.2-101. Claimant's award suspension affected his right
to compensation. Therefore, once there was a change in the
condition that was the cause for suspension, a
change-in-condition application was the appropriate vehicle with
which to seek reinstatement of benefits.

Review of a change-in-condition application "shall not be
made after twenty-four months from the last day for which
compensation was paid . . . ." Code § 65.2-708(A). Claimant's
benefits were suspended on August 31, 1994; accordingly, the
statute of limitations required that his application to
reinstate benefits had to be reviewed before September 1, 1996.
Claimant made his application on November 5, 1998, well after
the limitation period had run.

Claimant contends that, in his case, the statute of
limitations should have been tolled because he was mentally
incompetent. Code § 65.2-528 states that under the Workers'

Compensation Act, a time limitation shall not run against any person who is incapacitated.[3] The claimant has the burden to prove by credible evidence that he "did not have sufficient mind or reasoning powers to comprehend the ordinary affairs of life, or that he had lost control of his mental power to such a degree as to deprive him of sane and normal action" during the alleged period of incapacity. Rust Eng'g Co. v. Ramsey, 194 Va. 975, 982, 76 S.E.2d 195, 199-200 (1953). The commission considered medical evidence presented at hearing by claimant and by employer. Claimant's case rested primarily on an opinion expressed in a letter written by his treating physician, Dr. Halapin, on October 6, 1998, in which the doctor stated that he diagnosed claimant with a psychotic disorder and post-traumatic stress disorder. The doctor opined that claimant had diminished capacity from 1994 to the time of hearing due to high doses of anti-psychotic medications; these drugs interfered with claimant's capacity to function, to comprehend ordinary affairs of life, and to reason to such a degree that it made it impossible for him to comprehend, remember, and perceive day-to-day events. Dr. Halapin stated that he arrived at this

---

[3] Code § 65.2-528 was amended effective January 1, 1998 to substitute "incapacitated" for "mentally incompetent." Claimant's alleged period of mental incompetence spans the change in the statute. However, the amendment has no impact on our analysis, as the term "incapacitated" is broader and encompasses the term "mentally incompetent."

- 6 -

opinion after an extensive review of claimant's medical records and from recollections of meetings with claimant.

The commission found, however, that a review of the medical records and notes made contemporaneously by Dr. Halapin during his meetings with claimant did not support the doctor's after-the-fact observations about claimant's capacity. Over the period of time at issue, during meetings with claimant, the doctor wrote notes indicating that claimant was, "alert," "stable," had "no psychotic thinking," and was "coping adequately." Moreover, the evidence showed that Dr. Halapin had claimant sign several legal documents between 1994 and 1998, apparently never questioning claimant's competency to do so.

In his deposition testimony, Dr. Halapin conceded that his after-the-fact opinion letter of October 6, 1998 may have been "a little overstated." Additionally, Dr. Halapin candidly admitted that he was interested in helping the claimant get his benefits, which the commission noted was a well-meaning attempt to help his patient, but did not overcome the fact that the contemporaneous medical treatment records did not prove incompetency or incapacity.

Employer asked Dr. Joel Silverman, Professor and Chairman of the Department of Psychiatry at the Medical College of Virginia, to review claimant's medical records. At hearing, employer entered into evidence a February 12, 1999 letter from Dr. Silverman to employer's counsel stating that claimant was

neither incompetent nor incapacitated. He said, "there was evidence that the patient was competent and had normal capacity." His opinion was that there was no evidence that claimant was excessively sedated or that he had negative mental effects from his medication. He maintained that the medication actually played a role in improving claimant's functionality, and noted that a decrease in the medication exacerbated the claimant's symptoms.

The commission, as fact finder, was entitled to weigh the medical evidence, and to accept Dr. Silverman's opinion as more persuasive, and reject Dr. Halapin's opinion. The commission found Dr. Halapin's opinion was retrospective and inconsistent with contemporaneous records, which did not support a finding of incapacity.

On appeal, this Court may not disturb a commission decision that is supported by credible evidence, even if contrary evidence exists. Georgia Pacific Corp. v. Robinson, 32 Va. App. 1, 4-5, 526 S.E.2d 267, 268-69 (2000). While this Court has held that the opinion of a treating physician is entitled to great weight, the law does not require that the treating physician's opinion be accepted over that of others. Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986). "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and

weighing." <u>Hungerford Mech. Corp. v. Hobson</u>, 11 Va. App. 675,
677, 401 S.E.2d 213, 215 (1991).

There is credible evidence in the record to support the
commission's finding that claimant failed to prove he was
incapacitated during the time period in which he was required to
file his application so as to toll the applicable statute of
limitations.  Accordingly, the decision of the commission is
affirmed.

<u>Affirmed.</u>