COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Humphreys and McClanahan
Argued at Chesapeake, Virginia


RUTH DEARD
                                        MEMORANDUM OPINION* BY
v.    Record No. 3276-02-1        JUDGE ELIZABETH A. McCLANAHAN
                                            AUGUST 12, 2003
RIVERSIDE REGIONAL MEDICAL CENTER AND
 RECIPROCAL OF AMERICA


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            W. Mark Broadwell (Forbes & Broadwell,
            on brief), for appellant.

            Karen A. Gould (Gould, Redmond & Russell,
            on brief), for appellees.


    Ruth Deard (claimant) appeals from a decision of the

Virginia Workers' Compensation Commission denying her claim for

benefits.  Claimant contends that the commission erred in

finding that she failed to prove the occurrence of an injury by

accident on September 18, 2000, October 19, 2000 or February 1,

2001.[1]  For the reasons that follow, we affirm the decision of

the commission.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] The claim with regard to the September 18, 2000 date was
abandoned by claimant's counsel at hearing.

## I.  BACKGROUND

Claimant, who worked as a medical records clerk for employer, had a longstanding history of asthma symptoms.  She stated, however, that until 1998 she had only "moderate" asthma symptoms, occurring approximately four times per year.  She maintained that in 1998, she suffered a "severe asthma attack" during the renovation of her workspace, resulting in treatment at an emergency room.  Doctor's records show that claimant also suffered attacks outside of work, including one incident after walking her dog and another following a walk across a parking lot.  Claimant smoked approximately 15 cigarettes per day from age 25 to 50.

Claimant alleged that exposure to specific substances at employer's place of business exacerbated her symptoms.  One incident occurred on October 19, 2000, when spray cleaner used on a nearby desk caused claimant to have difficulty breathing, tightening in her throat, shortness of breath, and a tightening of her chest.  She subsequently received treatment at an emergency room.

Another incident, which occurred on February 1, 2001, took place shortly after claimant arrived at work.  A brown substance on the floor, that claimant later learned was ceiling tile dust, caused her to wheeze and experience a tightening of the chest.  She received treatment at an emergency room and was admitted to the hospital, where she was treated for five days.

## II. ANALYSIS

On appeal, the Court views the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless the Court can say as a matter of law that the claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970). "Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal."  So. Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).

The Virginia Workers' Compensation Act sets forth the circumstances under which a covered employee can receive benefits.  The test of compensability is that the injury must have arisen "by accident arising out of and in the course of the employment . . . ."  Code § 65.2-101.  Thus, the analysis is one of whether claimant sustained an "injury by accident" arising out of her employment on the two occasions claimed.

An accident requires some degree of unexpectedness and some degree of time specificity as to the occurrence of the incident that gives rise to the injury.  "The definition of accident generally assented to is an event happening without any human agency, or, if happening through human agency, an event which,

under the circumstances, is unusual and not expected by the person to whom it happens."  Vance on Insurance, 569 (cited in Big Jack Overall Co. v. Bray, 161 Va. 446, 451-52, 171 S.E. 686, 687 (1933)).

> "The injury, to be regarded as 'by accident,' must be received . . . at a particular time and in a particular place and by a particular accident.  And the accident must be something the date of which can be fixed.  It is not enough that the injury shall make its appearance suddenly at a particular time and upon a particular occasion."  In other words, the "incident," the act done or condition encountered, "must be shown to have occurred at some reasonably definite time."
> On the other hand, . . . "injury of gradual growth, . . . not the result of some particular piece of work done or condition encountered on a definite occasion, but caused by the cumulative effect of many acts done or many exposures to conditions prevalent in the work, no one of which can be identified as the cause of the harm, is definitely excluded from compensation."

Aistrop v. Blue Diamond Coal Co., 181 Va. 287, 293, 24 S.E.2d 546, 548 (1943) (citation omitted).

The employee must identify exactly what she was doing at the time she was injured, identify that the action actually caused her claimed injury at that reasonably definite time, and that the injury itself occurred at a specific time.  Kraft Dairy Group, Inc. v. Bernardini, 229 Va. 253, 329 S.E.2d 46 (1985). Proof is required of an "accident, identifiable incident or sudden precipitating event."  Lane Co. v. Saunders, 229 Va. 196,

- 4 -

199, 326 S.E.2d 702, 704 (1985).  See also Pro-Football, Inc. v. Uhlenhake, 37 Va. App. 407, 558 S.E.2d 571 (2002) (holding claimant's knee injury, which the evidence showed was the cumulative result of playing football over many years, was not compensable because it was not proven that the knee injury resulted from a specific identifiable incident).

The parties in this case stipulated that claimant suffered from a pre-existing respiratory condition.  The fact that an employee is predisposed to further injury as a result of a prior injury will not ordinarily defeat a claim for compensation.  An employer takes his employee as he finds him, with all of his infirmities and pre-existing disabilities.  So. Iron Works, 16 Va. App. 131, 428 S.E.2d 32.  However, compensability in these situations depends on evidence that the accidental injury materially aggravated or accelerated the pre-existing condition and, further, that the condition was the direct and immediate cause of the disability.  Liberty Mut. Ins. Co. v. Money, 174 Va. 50, 4 S.E.2d 739 (1939); Pendleton v. Flippo Constr. Co., 1 Va. App. 381, 339 S.E.2d 210 (1986) (injuries due solely to the natural progress of pre-existing diseases are not compensable); Nolan v. Global One Communications, LLP, VWC File No. 191-93-58 (2001) (claimant must prove an identifiable incident caused a sudden mechanical change or structural bodily change rather than merely a gradual worsening over a period of time to qualify as

an injury by accident); cf. Russell Stover Candies v. Alexander, 30 Va. App. 812, 520 S.E.2d 404 (1999) (affirming the commission's finding that claimant's benign, pre-existing asthma was aggravated by exposure to bleach vapor and, therefore, such aggravation was an injury by accident). Therefore, the question in this case is whether claimant met her burden of proof on causation on the issue of whether she suffered injury by accident.

The commission analyzed the medical evidence concerning each alleged incident, and found that claimant did not satisfy the burden of proof that she suffered injury by accident on the dates at issue. The record shows that five days after the alleged October 19, 2000 incident, claimant's doctor noted she suffered an "asthma attack induced at work" sometime in the previous week. The commission concluded that claimant suffered problems due to general environmental triggers and that the medical evidence did not link claimant's symptoms to any particular exposure. Therefore, claimant did not meet the burden of proof required to support an injury by accident.

The medical evidence regarding the alleged February 1, 2001 incident includes contemporaneous notes from doctors who treated claimant with language such as "possibly related," "possibly associated," "some type of environmental allergen" and "allergens of unknown etiology." Such statements indicate that there was not a clear causal connection between the ceiling dust

- 6 -

and claimant's attack.  Accordingly, the commission chose not to believe the deposition of claimant's family physician, Dr. Provenzano, who testified that exposures on the claimed dates aggravated claimant's pre-existing condition and resulted in a sudden mechanical or structural change to her body.

The commission found that the facts of this case paralleled the case of Nolan, VWC File No. 191-93-58, where the medical evidence showed that the employee had numerous reactions during the months that preceded the alleged exposure, and was treated for asthma attacks for some time caused by a "sick building." The evidence in this case showed that claimant's alleged exposures in her workplace were not individual accidents, but were effects of claimant's longstanding asthma, which was not caused by her work.  The exposures to possible irritants at work were not particularized any differently than exposures to substances such as dust at claimant's own home, paint fumes at her brother's home, exposure to heat and humidity, or dander from her dog.  The evidence shows that claimant did not experience an injury by accident by the alleged exposures at her workplace such that she experienced a sudden mechanical change or structural bodily change.  Claimant's situation was a condition that worsened over a period of time, by various exposures to irritants in different places and, thus, the claimed exposures at her workplace did not qualify as compensable injuries by accident.

The commission's findings are supported by credible evidence.  Therefore, those findings are conclusive and binding upon this Court, and the Court affirms the commission.

*Affirmed.*
