COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and McClanahan
Argued at Salem, Virginia


ESTATE OF LEON ABBOTT KISER AND
 ELIZABETH KISER
                                          OPINION BY
v.    Record No. 3377-02-3         JUDGE ELIZABETH A. McCLANAHAN
                                          AUGUST 5, 2003
PULASKI FURNITURE COMPANY AND
 RELIANCE INSURANCE COMPANY IN
 LIQUIDATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               James B. Feinman (James B. Feinman &
               Associates, on briefs), for appellants.

               S. Vernon Priddy III (Sands, Anderson
               Marks & Miller, on brief), for appellees.


     The Estate of Leon Abbott Kiser and his widow, Elizabeth

Kiser, appeal a decision of the Virginia Workers' Compensation

Commission denying their claim for benefits.  The claim alleged

that Leon Kiser suffered an injury by accident and that

complications from the accident resulted in his death.

Claimants contend that the commission erred (1) by allowing a

hearing on the claim to be "reopened" to accept testimony from a

witness discovered post-hearing, without following the

requirements for admission of after-discovered evidence as set

forth in Williams v. People's Life Ins. Co., 19 Va. App. 530,

452 S.E.2d 881 (1995), and (2) in finding that the testimony of

the new witness was not reasonably available before the initial

hearing.  For the reasons that follow, we affirm the decision of the commission.

## I.  Background

Leon Kiser had worked for Pulaski Furniture Company for eight years when, on March 26, 1999, he allegedly fell backward over a flat, or pallet, located by his workstation and fractured his hip.  While convalescing from the hip injury, Kiser developed pneumonia, resulting in his death.  Kiser's estate and widow sought death benefits, alleging that Kiser's death was a compensable consequence of the hip injury.

A hearing on the claim was held on June 22, 2000.  At the close of the hearing, the deputy commissioner held open the record for thirty to sixty days for additional medical evidence.

On July 7, 2000, employer filed a motion to reconvene the hearing in order to introduce the testimony of Chester Hundley, an alleged eyewitness to the accident.  Hundley had informed employer six days after the June hearing that he had witnessed Kiser's fall, but failed to say anything because he did not know that a claim had been filed.  Employer asserted that it had attempted to interview all potential witnesses, but because of the large number of workers employed at the facility, it had neither prior knowledge nor reason to believe that Hundley had witnessed Kiser's fall.

Over claimants' objection, the deputy commissioner reconvened the hearing on October 24, 2000, for the limited

purpose of taking Hundley's testimony.[1]  Hundley testified that he was walking through the plant when he saw Kiser standing near his workstation.  He was approximately eight feet away when he saw Kiser fall.  He testified that he saw nothing for Kiser to trip on, but that he just leaned left and fell down.

The deputy commissioner, finding Hundley's testimony "quite compelling," held, in an October 25, 2000 opinion, that claimants failed to prove that Kiser sustained an injury by accident arising out of his employment, and denied benefits. Claimants requested review by the full commission, arguing that the after-discovered evidence rule should have been applied.

Upon review, by opinion on March 18, 2002, the commission found that the after-discovered evidence rule did not apply.  It reasoned that, because the record had remained open, even if only for medical evidence, the deputy commissioner had discretion to consider additional evidence that was not reasonably available before the hearing, provided that the parties had an opportunity to rebut and cross-examine the evidence.  It vacated the decision and remanded the matter back to the deputy commissioner to determine whether Hundley's testimony was not reasonably available before the first hearing.

On remand, by opinion dated March 21, 2002, the deputy commissioner found that the evidence established that Hundley's

---

[1] Hundley was an employee at the time of the accident, but was no longer employed by employer at the time of the hearing.

- 3 -

testimony was not reasonably available to employer before the first hearing. The evidence showed that Hundley's witnessing of the accident was random and that because Hundley was unaware of claimants' pursuit of workers' compensation benefits, he did not know his testimony was necessary.

Claimants requested review of the opinion, again urging the commission to apply the after-discovered evidence rule. Once again, the commission rejected application of that rule, finding that the employer met the "not reasonably available" standard as set forth in its prior opinion. The commission noted that in this case, claimants were allowed three months to conduct additional discovery in response to Hundley's testimony, and were afforded ample opportunity to cross-examine the witness. This appeal followed.

## II. Analysis

In accordance with well established principles, we consider the evidence in the light most favorable to the party prevailing below. States Roofing Corp. v. Bush Constr. Corp., 15 Va. App. 613, 616, 426 S.E.2d 124, 126 (1993). "Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." So. Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). The commission's findings, if supported by credible evidence or reasonable inferences drawn from the evidence, will not be disturbed upon review, even though the record may contain

- 4 -

evidence to support a contrary finding.  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

Claimants' continued assertion that the after-discovered evidence rule, as required by Rule 3.3 of the Rules of the Virginia Workers' Compensation Commission, and Williams, 19 Va. App. 530, 452 S.E.2d 881, applies to this case is incorrect. The application of that rule is appropriate when a party seeks to introduce new evidence at the "time of review."  This case was still pending decision by the deputy commissioner when he decided to reconvene the evidentiary hearing to take Hundley's testimony and, therefore, was not under "review," as contemplated in Rule 3.3 and the Williams case.

The commission applied the "not reasonably available" standard in determining that the deputy commissioner had not abused his discretion by taking witness testimony when the record had been left open for medical evidence.  The commission has authority to decide how its hearings shall be conducted. The "[c]ommission is afforded considerable latitude in adapting the conduct of hearings to the circumstances of the case." Kim v. Sportswear, 10 Va. App. 460, 470, 393 S.E.2d 418, 424 (1990). "Except for rules which the Commission promulgates, it is not bound by statutory or common law rules of pleading or evidence nor by technical rules of practice."  Rule 2.2, Hearing Procedures, Rules of the Virginia Workers' Compensation

Commission.  See also Rule 1.12 (commission has authority to enforce its rules); and Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 495 S.E.2d 519 (1998) (commission has the power to interpret its own rules).

Code § 65.2-201(A) (General duties and powers of the Commission) states, "It shall be the duty of the Commission to administer this title and adjudicate issues and controversies relating thereto.  The Commission shall make rules and regulations for carrying out the provisions of this title."  Thus, the commission is within its own authority to devise a test for determining whether to reconvene an evidentiary hearing.

"When a challenge is made to the commission's construction of its rules, the appellate court's review is limited to a determination of whether the commission's interpretation was reasonable.  The commission's interpretation will be accorded great deference and will not be set aside unless arbitrary or capricious."  Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999) (citations omitted); Arellano, 26 Va. App. at 483, 495 S.E.2d at 521 (citing Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989)).  This Court finds that the commission's interpretation of its standard for admission of evidence is reasonable and that credible evidence supports the commission's finding that employer satisfied the "not reasonably available"

standard as set forth in its March 18, 2002 opinion.

Accordingly, we affirm the decision of the commission.

Affirmed.
