COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia


CVS #1549/CVS OF VIRGINIA, INC. AND
  GAB ROBINS NORTH AMERICA, INC.
                                                    OPINION BY
v.      Record No. 1071-10-2          CHIEF JUDGE WALTER S. FELTON, JR.
                                                DECEMBER 21, 2010
LOIS H. PLUNKETT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Michael P. Del Bueno (Whitt & Del Bueno, P.C., on brief), for
          appellants.

          Timothy J. Healy for appellee.


        CVS #1549/CVS of Virginia, Inc. and GAB Robins North America, Inc. (collectively

"employer") appeal a decision of the Workers' Compensation Commission ("commission")

awarding temporary partial disability compensation benefits payable to Lois H. Plunkett

("claimant"). Employer presents eleven assignments of error on appeal.[1] It contends the

commission erred in finding that Ford Motor Co. v. Favinger, 275 Va. 83, 654 S.E.2d 575 (2008),

was not applicable to bar claimant's award of temporary partial disability compensation benefits,

-------------------------

        [1] Assignments of error I through IV and VIII assert error on the part of the commission in
failing to apply the Supreme Court's holding in Ford Motor Co. v. Favinger, 275 Va. 83, 654
S.E.2d 575 (2008). Assignment of error V asserts that the commission erred in applying
marketing principles outlined by ARA Servs. v. Swift, 22 Va. App. 202, 468 S.E.2d 682 (1996),
and Falls v. Virginia Mennonite Ret., No. 1326-98-3, 1998 Va. App. LEXIS 672 (Va. Ct. App.
Dec. 22, 1998), rather than applying Favinger. Assignments of error VI and VII assert error by
the commission in awarding temporary partial disability compensation benefits when claimant
was able to work more hours. Assignments of error IX through XI assert that there was no
credible evidence to support the commission's conclusion that employer restricted claimant's
hours. Because each of employer's assignments of error asserting the commission's finding that
Favinger was not applicable to bar claimant's award of temporary partial disability compensation
benefits are interconnected, we address them together.

arguing that decision applied only to loss of overtime wage cases. Employer further asserts the commission erred in determining claimant met any requirement that she market her residual work capacity by accepting the light-duty job offered to her by employer. It also contends the commission erred in finding that credible evidence in the record supported its conclusion that employer limited claimant's work hours when it had additional work hours available within employee's work capacity. For the following reasons we conclude that the commission erred in denying employer's change-in-condition application and in awarding temporary partial disability compensation benefits to claimant.

BACKGROUND

On appeal of a decision of the commission, we view the evidence in the light most favorable to the prevailing party before the commission, here claimant. See Dunnavant v. Newman Tire Co., 51 Va. App. 252, 255, 656 S.E.2d 431, 433 (2008).

Claimant suffered a compensable injury to her right elbow and left arm on January 30, 2007 while working for employer.[2] On February 6, 2007, the commission awarded temporary total disability compensation benefits to claimant in the amount of $258.59 per week.

On April 14, 2008, claimant's treating physician released her to light-duty work, with restrictions that she not lift objects over ten pounds and that she not operate the drive-through window at the pharmacy.

On September 24, 2008, employer sent a letter to claimant offering her a position as a pharmacy associate.[3] The position offered was "part time" at claimant's "pre-injury rate of $9.57 an hour." On October 16, 2008, claimant contacted the store manager, William Ellis, as

---

[2] Claimant was seventy-seven years old at the time of her injury on January 30, 2007.

[3] At the time of her work-related injury, claimant was employed full-time as a pharmacy services associate.

- 2 -

instructed by employer's letter. Ellis asked claimant when she was available to work. Claimant responded, "twenty [hours] or less." She told Ellis that she would need to leave every day to pick up her great-grandson from school at 4:00 p.m. Claimant also told Ellis that she could not work nights because she had trouble driving at night due to eye problems.

On October 22, 2008, claimant returned to work for employer as a pharmacy associate, working Monday, Wednesday, and Friday from 10:00 a.m. to 3:00 p.m., averaging fifteen hours of work per week.

On November 13, 2008, employer filed a change-in-condition application with the commission to terminate claimant's temporary total disability compensation benefits effective October 22, 2008, the date claimant returned to work for employer.

On December 9, 2008, claimant filed an application for temporary partial disability compensation benefits effective October 22, 2008, and continuing.

At the deputy commissioner's hearing on employer's change-in-condition application and claimant's application for temporary partial disability compensation benefits, employer argued claimant was not entitled to temporary partial disability compensation benefits because she failed to market her residual work capacity as required by Favinger. 275 Va. at 91, 654 S.E.2d at 579 (holding employee has a duty to reasonably market residual work capacity after accepting a job offered by employer). Here, employer contended that claimant's wage loss resulted from the self-limitation she placed on her work hours. Claimant, on the other hand, argued that by accepting the only job offered to her by her pre-injury employer, she had no duty to market her residual work capacity.

The deputy commissioner awarded claimant temporary partial disability compensation benefits beginning October 22, 2008, the day she returned to work. In awarding claimant temporary partial disability compensation benefits, the deputy commissioner stated:

Given the specific offer of part-time employment by letter dated September 24, 2008, the Commission finds that the claimant was justified in her dealings with Ellis in seeking a return to work. Given that she returned to work for the employer, who has the ability and discretion to offer more employment, the Commission concludes that the claimant did not need to market her remaining work capacity. Therefore, the claimant's request for temporary partial disability benefits is granted.

Employer appealed to the full commission, asserting the same arguments it made to the deputy commissioner. The full commission affirmed the deputy commissioner's award, denying employer's change-in-condition application and granting temporary partial disability compensation benefits to claimant. In doing so, the commission concluded that our decisions in ARA Servs. v. Swift, 22 Va. App. 202, 468 S.E.2d 682 (1996), and Falls v. Virginia Mennonite Ret., No. 1326-98-3, 1998 Va. App. LEXIS 672 (Va. Ct. App. Dec. 22, 1998), controlled its decision. It found that

claimant had permanent light-duty restrictions, and accepted the only position offered by the employer. We find that her acceptance of this limited position shows that she adequately marketed her residual capacity. The claimant was not required to further market her residual capacity, because she acted reasonably in accepting the light-duty work offered by her pre-injury employer.

The commission concluded that Favinger did not apply to require claimant to market her residual work capacity, concluding that Favinger "dealt with an employee's entitlement to temporary partial disability benefits for overtime hours." The commission distinguished Favinger, stating:

Here, however, the claimant accepted a position offered by the pre-injury employer. The employer had full-time work available within her restrictions, but restricted the number of hours and type of work offered. If the claimant had not accepted the selective employment, she would have been subject to termination of benefits. Therefore, where a pre-injury employer offers selective employment that does not encompass all of the employee's residual capacity, their acceptance of the position should evidence a good faith effort to market their residual capacity where the employer does not offer additional work or hours.

- 4 -

The commission noted in a footnote that

> [t]o hold otherwise would create an incentive for employers to offer limited selective employment that does not fulfill all of the employee's residual capacity. This would require them to accept the position, or risk termination of benefits, based on refusal of selective employment, and additionally require them to continue to market remaining capacity beginning the day the position is offered, or risk termination of temporary partial disability benefits.

Commissioner Williams dissented, concluding that Favinger required claimant to make a reasonable effort to market her residual work capacity. This appeal followed.

ANALYSIS

Employer asserts that the commission erred in finding Favinger not applicable and in concluding that claimant had no duty to reasonably market her residual work capacity. We agree with employer's assertion that Favinger applies and that claimant had a duty to reasonably market her residual work capacity.

Code § 65.2-502(A) requires an employer to pay an injured employee, who suffered a compensable injury and who returns to work with partial work capacity, "a weekly compensation equal to 66 2/3 percent of the difference between [her] average weekly wages before the injury and the average weekly wages which [s]he is able to earn thereafter, but not more than 100 percent of the average weekly wage." "In a claim for temporary partial disability, the employee '[has] the burden of proving that he [has] made a reasonable effort to procure suitable work but [is] unable to market his remaining work capacity.'" Favinger, 275 Va. at 89, 654 S.E.2d at 578 (alterations in original) (quoting Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 656 (1985)).

> In sum, an employee "must present 'some evidence that he [has] engaged in a *good faith* effort to obtain work within the tolerance of his physical condition' and has failed to find a job, either due to his injury or because no such work was available in the community." National Linen Serv[. v. McGuinn], 8 Va. App. [267,] 271, 380 S.E.2d [31,] 34 [(1989)] (quoting Dunkin Donuts

- 5 -

of America, Inc. v. Watson, 366 A.2d 1121, 1126 (Me. 1976) (emphasis added)).

Favinger, 275 Va. at 90, 654 S.E.2d at 579 (first alteration in original).

Here, claimant made no effort to reasonably market her residual work capacity. However, the commission reasoned that, by accepting employer's only offer of selective employment, a position that met claimant's work restrictions and her request to work twenty hours or less per week, claimant had no duty to further market her residual work capacity. We disagree.

The commission erred as a matter of law in applying our prior holdings in ARA Services and Falls to deny employer's change-in-condition application and in awarding temporary partial disability compensation benefits to claimant.[4] As the Supreme Court stated in Favinger, "[t]he fact that [claimant] accepted the light duty job and was willing to work [more hours] . . . did not negate the requirement that [she] make a *reasonable effort* to market [her] residual work capacity." 275 Va. at 91, 654 S.E.2d at 579 (emphasis added).

We conclude the commission erred in finding that claimant marketed her residual work capacity. She accepted the only position offered by employer, a position consistent with her post-injury work restrictions and her self-limited hours of availability due to family responsibilities and reluctance to drive at night. Accordingly, we conclude that the commission erred in denying employer's change-in-condition application and awarding temporary partial disability compensation benefits to claimant.

---

[4] In ARA Services we held that where an employee "accepted in good faith the light-duty position offered by her pre-injury employer, and no evidence in the record show[ed] that she was told to seek additional employment" the employee reasonably marketed her residual work capacity. 22 Va. App. at 207, 468 S.E.2d at 684. We applied the same rationale in Falls. 1998 Va. App. LEXIS 672, at *7-8. Those cases, however, were decided prior to the Supreme Court's decision in Favinger, which held that in accepting a light-duty job offered by his pre-injury employer, an employee still had a duty to reasonably market his residual work capacity. 275 Va. at 91, 654 S.E.2d at 579.

Because "an appellate court decides cases 'on the best and narrowest ground available,'" Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)), we need not reach employer's additional assignments of error.

CONCLUSION

For the foregoing reasons, we find the commission erred in awarding claimant temporary partial disability compensation benefits.

Reversed and final judgment.