COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Powell* and Senior Judge Coleman


ROSS & SONS UTILITY CONTRACTOR, INC. AND
  COMMONWEALTH CONTRACTORS GROUP
  SELF-INSURANCE ASSOCIATION

                                                    MEMORANDUM OPINION**
v.      Record No. 2022-10-1                             PER CURIAM
                                                      AUGUST 23, 2011
CHRISTOPHER SAMUEL HIVELY


UPON A REHEARING

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Audrey Marcello; Shaunte M. Hurley; Taylor Walker, P.C., on
brief), for appellants.

(Christopher Samuel Hively, *pro se*, on brief).


Ross & Sons Utility Contractor, Inc., and its insurer, Commonwealth Contractors Group

Self-Insurance Association (collectively "employer") appeal a decision of the Virginia Workers'

Compensation Commission (commission) finding Christopher Samuel Hively (claimant) (1) was

entitled to temporary partial disability benefits beginning April 25, 2009 through the hearing

date, and continuing; (2) had no duty to market his residual work capacity; and (3) adequately

marketed his residual work capacity. Employer also contends the commission erred in

concluding the holding of Ford Motor Company v. Favinger, 275 Va. 83, 654 S.E.2d 575 (2008),

was distinguishable from the facts of this case. Because the record contains no evidence

claimant made a reasonable effort to market his residual work capacity beyond obtaining a new

---

* Justice Powell participated in the decision of this case prior to her investiture as a
Justice of the Supreme Court of Virginia.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

job for a portion of the hours he worked pre-injury, we reverse the commission's ruling and its award of temporary partial disability benefits to claimant.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to the prevailing party before the commission." Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 269, 590 S.E.2d 631, 634 (2004). Whether an employee seeking disability benefits has made a reasonable effort to market his residual work capacity is a factual determination. Favinger, 275 Va. at 89-90, 654 S.E.2d at 579. "'Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal.'" Estate of Kiser v. Pulaski Furniture Co., 41 Va. App. 293, 298, 584 S.E.2d 464, 467 (2003) (quoting Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993)). "The [c]ommission's factual findings, however, are 'conclusive and binding' only to the extent that they are 'predicated upon evidence introduced or appearing in the proceedings.'" Favinger, 275 Va. at 88, 654 S.E.2d at 578 (quoting Uninsured Employer's Fund v. Gabriel, 272 Va. 659, 664, 636 S.E.2d 408, 411 (2006)). "If the [c]ommission's findings of fact are not based on credible evidence, 'its findings are not binding and the question presented becomes one of law.'" Id. (quoting Great Atlantic & Pacific Tea Co. v. Robertson, 218 Va. 1051, 1053, 243 S.E.2d 234, 235 (1978)).

On October 16, 2007, claimant sustained a compensable injury to his lower left leg. Claimant received various periods of temporary total, temporary partial, and permanent partial disability benefits based on his pre-injury average weekly wage of $630.59.

On January 20, 2009, claimant was released to light-duty work with the following restrictions: walking, standing, bending, and stooping limited to two to three hours per day; no climbing; no lifting more than twenty pounds, and pushing limited to one to two hours per day.

On February 19, 2009, claimant reached maximum medical improvement and his restrictions became permanent.

Prior to his injury, appellant worked between forty-five and fifty hours each week for employer at an hourly rate of $11.50 per hour.[1]  Because light-duty work was not made available to claimant through his pre-injury employer, on February 7, 2009, claimant secured his own light-duty position, a part-time job with Lowe's working an average of thirty-four hours per week.[2]  He did not look for additional work with another employer to compensate for the loss of the ten-plus additional hours he had been working prior to his injury.

On August 24, 2010, the commission concluded claimant was entitled to temporary partial disability benefits for 66 2/3 percent of the difference between his pre-injury average weekly wage of $630.59 and his post-injury average weekly wage of $368.68.  It explained, "[a]lthough there was no explicit limit to the number of hours he could work, there were limits on standing and walking that were exhausted by his work with Lowe's. . . .  Second, the claimant's job with Lowe's [was] evidence of a good faith marketing effort."  The commission also distinguished the facts of this case from those in Favinger by explaining, "[u]nlike Favinger, the claimant is not seeking to replace lost overtime.  He seeks wage loss benefits because his injuries prevent him from the long hours of construction work he did in the past before his injury and in happier economic times."

A panel of this Court considered the commission's decision and entered a memorandum opinion on March 15, 2011, in which this Court reversed and remanded the commission's

---

[1] He did not earn overtime wages.

[2] Although claimant testified he worked approximately thirty hours per week for Lowe's, his pay stubs from February 7, 2009 through October 2, 2009, indicate he worked an average of thirty-four hours per week.  A Lowe's employee is considered a full-time employee if he works thirty-nine hours per week.

decision.  Upon consideration of appellants' motion to reconsider, we granted that motion and this appeal followed.

ANALYSIS

"In a claim for temporary partial disability, the employee '[has] the burden of proving that he [has] made a reasonable effort to procure suitable work but [is] unable to market his remaining work capacity.'" Id. at 89, 654 S.E.2d at 578 (quoting Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 656 (1985)) (alterations in original).

> There are no fixed guidelines for determining what constitutes a "reasonable effort" by an employee to market residual work capacity.  An employee must "exercise reasonable diligence in seeking employment" and the reasonableness of an employee's effort will be determined on a case by case basis, taking into account "all of the facts and surrounding circumstances." Great Atlantic & Pacific Tea Co. v. Bateman, 4 Va. App. 459, 467, 359 S.E.2d 98, 102 (1987).  Some of the criteria, however, that should be considered include:
>
> > "(1) the nature and extent of [the] employee's disability;
> > (2) the employee's training, age, experience, and education;
> > (3) the nature and extent of [the] employee's job search;
> > (4) the employee's intent in conducting his job search;
> > (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting [the] employee's capacity to find suitable employment." National Linen Service [v. McGuinn], 8 Va. App. [267,] 272, 380 S.E.2d [31,] 34 [(1989)] (footnotes omitted).
>
> In sum, an employee "must present some evidence that he [has] engaged in a good faith effort to obtain work within the tolerance of his physical condition and has failed to find a job, either due to his injury or because no such work was available in the community." Id. at 271, 380 S.E.2d at 34.

Id. at 89-90, 654 S.E.2d at 579 (citations omitted).

Here, the evidence supports the commission's finding that claimant made a reasonable effort to secure employment, and he obtained a job within his residual work capacity for

- 4 -

approximately thirty-four hours per week.[3]  However, the evidence also established appellant did not look for additional work to mitigate his wage loss for the reduction in hours between his pre-injury job with employer and his post-injury job with Lowe's.  Although the commission attempted to distinguish Favinger, 275 Va. at 83, 654 S.E.2d at 575, from the facts of this case, we find Favinger, and CVS#1549/CVS of Virginia, Inc., v. Plunkett, 57 Va. App. 373, 702 S.E.2d 578 (2010), to be controlling.  In Favinger, the Supreme Court concluded an injured employee must make some effort to mitigate wage loss when a new position does not offer claimant the same number of hours the claimant worked before he was injured.  Favinger, 275 Va. at 91, 654 S.E.2d at 579-80.  In Plunkett, the Court explained that the requirement for an injured employee to market the full amount of his residual work capacity applies to regular work hours, as well as overtime hours.  Plunkett, 57 Va. App. at 378, 702 S.E.2d at 580-81.  Here, although the commission stated claimant's "limits on standing and walking . . . were exhausted by his work with Lowe's," the evidence does not support this assertion.  Instead, the record established claimant made no effort to obtain sedentary work to mitigate the remainder of his wage loss and, thus, there is no evidence in the record that an additional part-time sedentary job would have interfered with claimant's work restrictions.  Following Favinger and Plunkett, we conclude claimant had a duty to mitigate his wage loss to the full extent of the hours he worked pre-injury.  As such, we cannot conclude the claimant proved he adequately marketed his residual work capacity beyond the thirty-four hours per week he worked at Lowe's.

CONCLUSION

For these reasons, we find that the commission erred in awarding claimant temporary partial disability compensation benefits.

Reversed and dismissed.

---

[3] His new job paid $1.20 per hour less than his position with employer.

# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **3rd** *day of* **May, 2011**.

Ross & Sons Utility Contractor, Inc. and
Commonwealth Contractors Group Self-Insurance Association, Appellants,

against        Record No. 2022-10-1
                        Claim No. 235-69-37

Christopher Samuel Hively, Appellee.

Upon a Petition for Rehearing

Before Judges Humphreys, Powell and Senior Judge Coleman

On March 18, 2011 came the appellants, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on March 15, 2011, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the mandate entered herein on March 15, 2011 is stayed pending the decision of the Court, and the appeal is reinstated on the docket of this Court.

The appellee shall file an answering brief within 21 days of the date of entry of this order.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:    *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Coleman


ROSS & SONS UTILITY CONTRACTOR, INC. AND
  COMMONWEALTH CONTRACTORS GROUP
  SELF-INSURANCE ASSOCIATION

                                                     MEMORANDUM OPINION[*]
v.        Record No. 2022-10-1                            PER CURIAM
                                                         MARCH 15, 2011
CHRISTOPHER SAMUEL HIVELY


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                    (Audrey Marcello; Shaunté M. Hurley; Taylor Walker, P.C., on
                    brief), for appellants.  Appellants submitting on brief.

                    No brief for appellee.


        Ross & Sons Utility Contractor, Inc., and its insurer, Commonwealth Contractors Group

Self-Insurance Association (collectively "employer"), appeal a decision of the Virginia Workers'

Compensation Commission (commission) finding Christopher Samuel Hively (claimant) (1) was

entitled to temporary partial disability benefits beginning April 25, 2009, through the hearing

date, and continuing; (2) had no duty to market his residual work capacity; and (3) adequately

marketed his residual work capacity.  Employer also contends the commission erred in

concluding the holding of Ford Motor Company v. Favinger, 275 Va. 83, 654 S.E.2d 575 (2008),

was distinguishable from the facts of this case.  Because the record contains no evidence

claimant made a reasonable effort to market his residual work capacity beyond obtaining a new

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

job for a portion of the hours he worked pre-injury, we reverse the commission's ruling and its award of temporary partial disability benefits to claimant.[1]

## BACKGROUND

"On appeal, we view the evidence in the light most favorable to the prevailing party before the commission." Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 269, 590 S.E.2d 631, 634 (2004). Whether an employee seeking disability benefits has made a reasonable effort to market his residual work capacity is a factual determination. Favinger, 275 Va. at 89-90, 654 S.E.2d at 579. "'Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal.'" Estate of Kiser v. Pulaski Furniture Co., 41 Va. App. 293, 298, 584 S.E.2d 464, 467 (2003) (quoting Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993)). "The Commission's factual findings, however, are 'conclusive and binding' only to the extent that they are 'predicated upon evidence introduced or appearing in the proceedings.'" Favinger, 275 Va. at 88, 654 S.E.2d at 578 (quoting Uninsured Employer's Fund v. Gabriel, 272 Va. 659, 664, 636 S.E.2d 408, 411 (2006)). "If the Commission's findings of fact are not based on credible evidence, 'its findings are not binding and the question presented becomes one of law.'" Id. (quoting Great Atlantic & Pacific Tea Co. v. Robertson, 218 Va. 1051, 1053, 243 S.E.2d 234, 235 (1978)).

On October 16, 2007, claimant sustained a compensable injury to his lower left leg. Claimant received various periods of temporary total, temporary partial, and permanent partial disability benefits based on his pre-injury average weekly wage of $630.59.

---

[1] We grant appellant's motion for leave to supplement the opening brief with citation of additional authority, and we have considered the additional authority in reaching our decision.

On January 20, 2009, claimant was released to light-duty work with the following restrictions: walking, standing, bending, and stooping limited to two to three hours per day; no climbing; no lifting more than twenty pounds; and pushing limited to one to two hours per day. On February 19, 2009, claimant reached maximum medical improvement and his restrictions became permanent.

Prior to his injury, appellant worked between forty-five and fifty hours each week for employer at an hourly rate of $11.50 per hour.[2] Because light-duty work was not made available to claimant through his pre-injury employer, on February 7, 2009, claimant secured his own light-duty position, a part-time job with Lowe's working an average of thirty-four hours per week.[3] He did not look for additional work with another employer to compensate for the loss of the ten-plus additional hours he had been working prior to his injury.

On August 24, 2010, the commission concluded claimant was entitled to temporary partial disability benefits for 66 2/3 percent of the difference between his pre-injury average weekly wage of $630.59 and his post-injury average weekly wage of $368.68. It explained, "[a]lthough there was no explicit limit to the number of hours he could work, there were limits on standing and walking that were exhausted by his work with Lowe's. . . . Second, the claimant's job with Lowe's [was] evidence of a good faith marketing effort." The commission also distinguished the facts of this case from those in Favinger by explaining, "[u]nlike Favinger, the claimant is not seeking to replace lost overtime. He seeks wage loss benefits because his

---

[2] He did not earn overtime wages.

[3] Although claimant testified he worked approximately thirty hours per week for Lowe's, his pay stubs from February 7, 2009 through October 2, 2009, indicate he worked an average of thirty-four hours per week. A Lowe's employee is considered a full-time employee if he works thirty-nine hours per week.

injuries prevent him from the long hours of construction work he did in the past before his injury and in happier economic times." This appeal followed.

ANALYSIS

"In a claim for temporary partial disability, the employee '[has] the burden of proving that he [has] made a reasonable effort to procure suitable work but [is] unable to market his remaining work capacity.'" Favinger, 275 Va. at 89, 654 S.E.2d at 578 (quoting Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 656 (1985)) (alterations in original).

> There are no fixed guidelines for determining what constitutes a "reasonable effort" by an employee to market residual work capacity. An employee must "exercise reasonable diligence in seeking employment" and the reasonableness of an employee's effort will be determined on a case by case basis, taking into account "all of the facts and surrounding circumstances." Great Atlantic & Pacific Tea Co. v. Bateman, 4 Va. App. 459, 467, 359 S.E.2d 98, 102 (1987). Some of the criteria, however, that should be considered include:
>
> > (1) the nature and extent of [the] employee's disability;
> > (2) the employee's training, age, experience, and education;
> > (3) the nature and extent of [the] employee's job search;
> > (4) the employee's intent in conducting his job search;
> > (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting [the] employee's capacity to find suitable employment. National Linen Service [v. McGuinn], 8 Va. App. [267,] 272, 380 S.E.2d [31,] 34 [(1989)] (footnotes omitted).
>
> In sum, an employee "must present 'some evidence that he [has] engaged in a good faith effort to obtain work within the tolerance of his physical condition and has failed to find a job, either due to his injury or because no such work was available in the community.'" Id. at 271, 380 S.E.2d at 34.

Id. at 89-90, 654 S.E.2d at 579 (2008) (citations omitted).

Here, the evidence supports the commission's finding that claimant made a reasonable effort to secure employment and he obtained a job within his residual work capacity for

- 4 -

approximately thirty-four hours per week.[4]  However, the evidence also established appellant did not look for additional work to mitigate his wage loss for the reduction in hours between his pre-injury job with employer and his post-injury job with Lowe's.  Although the commission attempted to distinguish Favinger, 275 Va. at 83, 654 S.E.2d at 575, from the facts of this case, we find Favinger and CVS #1549/CVS of Virginia, Inc. v. Plunkett, 57 Va. App. 373, 702 S.E.2d 578 (2010), to be controlling.  In Favinger, the Supreme Court concluded an injured employee must make some effort to mitigate wage loss when a new position does not offer claimant the same number of hours the claimant worked before he was injured.  Favinger, 275 Va. at 91, 654 S.E.2d at 579-80.  In Plunkett, the Court explained that the requirement for an injured employee to market the full amount of his residual work capacity applies to regular work hours, as well as overtime hours.  Plunkett, 57 Va. App. at 378, 702 S.E.2d at 580-81.  Here, although the commission stated claimant's "limits on standing and walking . . . were exhausted by his work with Lowe's," the evidence does not support this assertion.  Instead, the record established claimant made no effort to obtain sedentary work to mitigate the remainder of his wage loss and, thus, there is no evidence in the record that an additional part-time sedentary job would have interfered with claimant's work restrictions.  Following Favinger and Plunkett, we conclude claimant had a duty to mitigate his wage loss to the full extent of the hours he worked pre-injury.  As such, we cannot conclude the claimant proved he adequately marketed his residual work capacity beyond the thirty-four hours per week he worked at Lowe's.

## CONCLUSION

For these reasons, we reverse the commission's decision that (1) Favinger is distinguishable or inapplicable to the facts of this case, (2) claimant adequately marketed his full

---

[4] His new job paid $1.20 per hour less than his position with employer.

residual work capacity by obtaining a job at Lowe's, and (3) claimant had no duty to market any residual work capacity beyond obtaining a job at Lowe's.

We remand to the commission for a calculation of claimant's temporary partial disability benefits beginning April 25, 2009, through the hearing date, and continuing, for the difference between claimant's post-injury average weekly wage and his pre-injury average weekly wage for thirty-four hours per week.

<u>Reversed and remanded.</u>