COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and McCullough
Argued at Alexandria, Virginia

JOHN PAUL JONES

                                      MEMORANDUM OPINION[*] BY
v.      Record No. 1074-14-4            JUDGE ROBERT J. HUMPHREYS
                                        FEBRUARY 3, 2015

LOUDOUN COUNTY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

M. Thomas McWeeny (Julie H. Heiden; Kooz, McKenney, Johnson,
DePaolis & Lightfoot, LLP, on brief), for appellant.

Justin R. Main (Susan A. Evans; Siciliano, Ellis, Dyer & Boccarosse
PLC, on brief), for appellee.

John Paul Jones ("Jones") appeals the May 29, 2014 decision of the Virginia Workers'

Compensation Commission ("commission") denying Jones medical benefits for his alleged

work-related injuries to his right forearm and right hand. The commission affirmed Deputy

Commissioner Munoz's ("deputy commissioner") finding that the evidence was insufficient to

prove Jones injured his right hand and forearm in the January 9, 2012 work accident. For the

following reasons, we affirm the commission's decision.

On September 16, 2013, Jones filed a claim for workers' compensation benefits alleging

injury to his right shoulder, right hand, right forearm, head, and thigh as a result of a

work-related accident on January 8, 2012. Jones sought an award of medical benefits, various

periods of temporary total disability benefits, and a referral to Dr. Seth Tuwiner ("Dr. Tuwiner").

The parties agreed that Jones suffered a compensable right labral tear and injuries to his right

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

rotator cuff, right bicep tendon, and right fourth and fifth fingers and that Jones was entitled to an award for various periods of temporary total disability. The appellee's defense was that the additional injuries to Jones's right hand and right forearm and the referral to Dr. Tuwiner were unrelated to Jones's January 8, 2012 accident.

The deputy commissioner concluded that Jones failed to prove that his right forearm and right hand conditions were causally related to the work accident. Further, the deputy commissioner found that the initial consultation with Dr. Tuwiner and the diagnostic EMG were compensable, but that the additional treatment from Dr. Tuwiner was not causally related to the work accident. Jones filed a request for review by the commission on February 14, 2014. Upon its review, the commission adopted the deputy commissioner's findings of fact and rulings of law.

Jones's single assignment of error alleges that the commission erred in concluding there was not sufficient evidence to support a finding that Jones's right forearm and hand were injured in his work-related accident on January 8, 2012. Specifically, Jones argues that while a treating physician failed to assign a specific diagnosis, there was still ample evidence of injury in the record.

It is well-settled law in Virginia that this Court considers the evidence in the light most favorable to the prevailing party below. Estate of Kiser v. Pulaski Furniture Co., 41 Va. App. 293, 297-98, 584 S.E.2d 464, 467 (2003). "'It is fundamental that a finding of fact made by the commission is conclusive and binding upon this [C]ourt on review. That contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's findings.'" Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 4, 526 S.E.2d 267, 268 (2000) (quoting Sneed v. Morengo, 19 Va. App. 199, 204, 450 S.E.2d 167, 171 (1994) (citations omitted)). The reviewing court does not

> [R]etry the facts before the Commission nor review the weight,
> preponderance of the evidence, or the credibility of witnesses. If
> there is evidence or reasonable inference that can be drawn from
> the evidence to support the Commission's findings, they will not
> be disturbed by this Court on appeal, even though there is evidence
> in the record to support contrary findings of fact.

Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983).

In every workers' compensation case the claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment. Richmond Mem'l Hosp. v. Crane, 222 Va. 283, 285, 278 S.E.2d 877, 878 (1981); Baggett Transp. Co. v. Dillon, 219 Va. 633, 636, 248 S.E.2d 819, 821 (1978). Once a claimant proves an injury by accident arose out of and in the course of his employment, he must then prove a "causal connection between the incident and the bodily change." Kraft Dairy Grp. v. Bernardini, 229 Va. 253, 255-56, 329 S.E.2d 46, 47-48 (1985). "Without proof of both a particular incident and the sudden structural change in his body which can be causally related to the incident, there is no 'injury by accident.'" Bradley v. Philip Morris, U.S.A., 1 Va. App. 141, 145-46, 336 S.E.2d 515, 518 (1985). Jones bore the burden of proving his current right forearm and right hand condition was causally related to the January 8, 2012 accident. See Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199-200, 336 S.E.2d 903, 906 (1985).

In the case at bar, the commission concluded that Jones was unable to provide sufficient evidence to prove that the injuries to his right forearm and right hand were causally related to the work accident. Specifically, credible evidence in the record supports the conclusion that there was no "sudden structural change" in Jones's right forearm or hand immediately after the accident. The incident report and employee's report of injury form make no mention of any injury to Jones's right forearm or right hand, except as it related to his fourth and fifth fingers. Jones's medical records from Inova Loudoun Hospital and Inova Urgent Care on January 8,

2012 and January 10, 2012 similarly do not contain any reference to pain or numbness in the right forearm or hand, other than the fourth and fifth fingers.

From January through April 2012, Jones sought treatment for pain in his right shoulder and fourth and fifth fingers on his right hand from an orthopedic surgeon, Dr. Raymond Thal ("Dr. Thal"), but denied pain or tingling in any other body part. It was not until June 7, 2012 that Jones reported to Dr. Thal that he was experiencing "numbness about the shoulder and into the hand." At that point, Dr. Thal referred Jones to a neurologist, Dr. Tuwiner, on June 20, 2012. After a series of tests, Dr. Tuwiner concluded that he had "no clear explanation for patient's symptoms given the results of the EMG/NCS and MRI studies." Dr. Tuwiner later answered "Yes" to a question in a questionnaire prepared by counsel for Jones that Jones's injury to his right hand was causally related to the work-related accident. However, he offered no explanation or reasoning for this answer and completed the questionnaire eighteen months after last examining Jones.

The commission's conclusion that Jones's right forearm and right hand pain and/or numbness were not causally related to the January 8, 2012 accident is supported by credible evidence, including the absence of previous complaints of pain in those body parts in Jones's medical records and incident reports and the fact that Dr. Tuwiner was unable to provide a clear diagnosis after testing. Finding ample credible evidence in the record to support the commission's finding, we affirm.

<u>Affirmed.</u>