COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Russell and AtLee
Argued at Fredericksburg, Virginia

PATRICK FERGUSON

MEMORANDUM OPINION[*] BY
v.        Record No. 0380-15-4        JUDGE ROBERT J. HUMPHREYS
SEPTEMBER 29, 2015

McCORMICK & SCHMICK AND
 AMERICAN ZURICH INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

M. Thomas McWeeny (Koonz, McKenney, Johnson, DePaolis &
Lightfoot, L.L.P., on brief), for appellant.

David A. Obuchowicz (Bryan M. Kirchner; Midkiff, Muncie &
Ross, P.C., on brief), for appellees.

Patrick Ferguson ("Ferguson") appeals the February 11, 2015 decision of the Virginia

Workers' Compensation Commission (the "commission") denying Ferguson's request for

temporary total disability benefits after October 1, 2013.[1]

Ferguson claims the commission committed the following four errors:  1) in holding that

Ferguson was required to market his residual work capacity in violation of medically imposed

work restrictions, whereby if injury had resulted from violating restrictions it would act as a

permanent bar to future workers' compensation benefits, 2) in concluding that he was not

entitled to rely upon the restrictions imposed by his authorized treating physician, 3) in

concluding that Ferguson had a duty to clarify his work restrictions with his authorized treating

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Ferguson withdrew his appeal to the commission concerning the denial of benefits from October 1, 2013 through April 20, 2014 as of October 13, 2014.  The present appeal to this Court only concerns the denial of temporary total disability benefits after April 21, 2014.

physician after she had instructed him to remain off work, and 4) in concluding that he is not entitled to temporary total disability benefits since April 21, 2014. Ferguson's fourth assignment of error is the only claim that is properly before this Court.

"A basic principle of appellate review is that, with few exceptions, . . . arguments made for the first time on appeal will not be considered." Martin v. Ziherl, 269 Va. 35, 39, 607 S.E.2d 367, 368 (2005). Additionally, "an appellate court's review of the case is limited to the record on appeal." Wilkins v. Commonwealth, 64 Va. App. 711, 717, 771 S.E.2d 705, 708 (2015). See also Rule 5A:18. In the case at bar, Ferguson's original request for review to the commission, filed on August 25, 2014, was that "[t]he deputy commissioner erred in finding that the claimant was not entitled to temporary total disability benefits from October 1, 2013 through the present and continuing." Ferguson amended his request for review of the deputy commissioner's opinion to the commission and only challenged the "denial of temporary total disability benefits since April 21, 2014, when the claimant was taken completely out of work by his treating physician, Stephanie Clop, MD." Thus, the only issue preserved for review was whether the deputy commissioner erred in her decision to deny Ferguson temporary total disability benefits after April 21, 2014.

The commission held that Ferguson's medical records do not establish temporary total disability after April 21, 2014. The commission was not asked, nor did it rule, on whether Ferguson was required to market his residual work capacity in violation of medically imposed work restrictions, was entitled to rely on his interpretation of the restrictions imposed by his authorized treating physician, nor was it asked to consider whether there was a duty to clarify his work restrictions with his authorized treating physician after she had instructed him to remain off work. Since Ferguson failed to raise these arguments before the commission, it did not rule on those issues and they are procedurally defaulted here under Rule 5A:18.

This Court can only consider what is contained in the record before us. Therefore, the only claim properly preserved for appellate consideration is Ferguson's claim that the commission erred in holding that he is not entitled to temporary total disability benefits since April 21, 2014.

It is well-settled law in Virginia that this Court considers the evidence in the light most favorable to the prevailing party below. Estate of Kiser v. Pulaski Furniture Co., 41 Va. App. 293, 297-98, 584 S.E.2d 464, 467 (2003). "'It is fundamental that a finding of fact made by the commission is conclusive and binding upon this [C]ourt on review. That contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's findings.'" Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 4, 526 S.E.2d 267, 268 (2000) (quoting Sneed v. Morengo, 19 Va. App. 199, 204, 450 S.E.2d 167, 171 (1994) (citations omitted)). The reviewing court does not

> retry the facts before the Commission nor review the weight, preponderance of the evidence, or the credibility of witnesses. If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact.

Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983).

"Our review is limited to determining whether the record contains credible evidence to support the commission's findings." Georgia-Pacific Corp., 32 Va. App. at 9, 526 S.E.2d at 270. In its review of this case, the commission concluded that Dr. Clop's records do not establish total disability after April 21, 2014. Credible evidence exists in the record to support the commission's conclusion. First, Ferguson was released to, at minimum, light-duty status by Dr. Pateder on his December 30, 2013 work status form. On March 7 and March 30, 2014,

Dr. Clop reviewed Ferguson's own past medical history with Ferguson. Despite the opportunity to do so on both March 2014 work status forms, Dr. Clop never reflected a change in Ferguson's work status from Dr. Pateder's December 30, 2013 work status form. Additionally, Dr. Clop's own contemporaneous writings reflect that Ferguson was determined to be in a light-duty status, not a temporary totally disabled status.

In her April 29, 2014 letter, Dr. Clop never addressed whether Ferguson's disability status was total or partial. The only evidence in this record suggested by Ferguson that he was moved to temporary total disability status is his interpretation of the language from the April 29, 2014 letter that "[i]t is my medical opinion at this point that he is not able to work." Yet, it is clear from her notes of April 21, 2014 that she and Ferguson only discussed the work conditions associated with his pre-injury work position as an executive chef. Further, Dr. Clop clarified the meaning of "work" in her letter during her June 11, 2014 deposition. In response to a question of "[i]s [Ferguson] capable of working light duty on April 29, 2014," Dr. Clop stated "[w]e did not have that discussion. We had a discussion about his returning as a chef."

The commission could reasonably conclude that based on her notes and deposition testimony, at most, Dr. Clop restricted Ferguson from employment at his pre-injury job. The evidence supports the commission's finding that Ferguson was not totally disabled after April 21, 2014. Finding credible evidence in the record to support the commission's conclusion, we affirm the denial of temporary total disability benefits after April 21, 2014.

Affirmed.