COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, McClanahan and Beales
Argued at Salem, Virginia


MICHAEL WARREN HALEY

OPINION BY
v.        Record No. 2841-08-3        JUDGE RANDOLPH A. BEALES
AUGUST 18, 2009

SPRINGS GLOBAL U.S., INC. AND
  ZURICH AMERICAN INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Stephen G. Bass (Carter Craig, on brief), for appellant.

Roberta A. Paluck (Frankl Miller & Webb, on brief), for appellees.


Michael W. Haley (claimant) appeals from a decision of the Workers' Compensation

Commission that denied his claim for benefits.  He claims that the commission erred in finding

that his injury by accident did not arise out of his employment.  Springs Global U.S., Inc.,

claimant's employer, and its insurer, Zurich American Insurance Company, (collectively referred

to hereafter as "employer") contend the commission did not err.  After reviewing the record and

relevant legal precedent, we find the commission did not err and, therefore, we affirm its denial

of benefits.

Background

Claimant began working for employer at the beginning of October 2007 in its shipping

yard, which handled arriving and departing tractor trailers and the loading and unloading of the

trailers. On October 19, 2007, the day of the accident, claimant was a switcher operator, which

meant that he was "a truck driver actually, but just on the yard."  As part of his duties, claimant

drove a modified tractor trailer cab, called a "switcher," which was a little smaller than a regular

cab and was entered from the back rather than through a side door. The work on October 19, 2007, was "[s]teady, very busy." Claimant was "[c]onstant[ly] docking or pulling trailers from the dock and letting drivers know to report to the shipping office to be loaded or unloaded."

At one point, after informing another driver that he needed to sign some paperwork in the office, claimant started to get into his switcher. He grabbed the left handrail beside the steps going up into the back of the cab. Then, as claimant explained during his testimony before the deputy commissioner, "I had my left hand on the rail. I had my left leg planted on the step. During, I guess, the transfer of my weight, and I was raising the weight to my left leg, right foot was off the ground, [the left leg] spasmed."

Claimant did not climb the step in an unusual or awkward way, and he did not believe that "there [was] anything overly strenuous" about stepping up onto the step. He did not slip or fall or hit his knee on anything. At the time of the accident, claimant weighed about 240 pounds and was 6 feet 4 inches tall. The first step onto the switcher was approximately sixteen inches off the ground, shorter than a regular cab's step, but higher than the rise for a traditional step in a staircase. Claimant had probably used these steps into his switcher about fifteen times that day with no incident.

After the spasm, claimant had no strength in his left leg and could not move his leg "front to back." He went to the hospital, where the intake person noted, "Patient sustained injury to extremity as a result of lifting, stepping up and onto a truck, knee apparently gave way, no direct trauma . . . ." Claimant was released to go home with no clear diagnosis – just knee injury.

On October 26, 2007, Dr. Wenkstern diagnosed the injury as a ruptured distal quadriceps tendon, and he recommended surgery, which was done quickly thereafter. Complications developed as a result of the surgery, and claimant was hospitalized for approximately two weeks. He was still walking with a cane at the time of his deposition in February 2008.

The medical evidence in this record says nothing about the actual cause of the ruptured tendon. Instead, all the evidence indicates when the rupture occurred, not why it occurred. Dr. Wenkstern wrote in a letter that "the rupture of [claimant's] quad tendon in his left leg was caused by the injury he described having occurred at his employment with Spring Global on October 19, 2007." In a November 27, 2007 report, Dr. Wenkstern states, "The patient's mechanism of injury was secondary to a work related injury," apparently referring to the complications. However, this evidence does not contain an explanation for claimant's sudden leg spasm nor does the evidence explain how stepping up into the switcher caused the rupture of his tendon. Dr. Wenkstern's letter, although it uses the word "cause," does not explain any causal link between claimant's workplace duties and the rupture, but instead simply acknowledges that the injury happened as claimant described.

The commission found that claimant had not proven that his injury "arose out of" his employment and denied his claim for benefits. Claimant asks this Court to find that the commission erred in making this factual finding. He contends that, given the evidence proved the step was of an unusual height, he did not have to prove that the height of the step caused his injury. We find, however, that the commission, as factfinder in this case, did not abuse its discretion in denying benefits to claimant.

### Analysis

In order to prove that an injury is compensable under the Workers' Compensation Act, an employee must prove that his or her injury occurred "by accident arising out of and in the course of the employment." Code § 65.2-101 (defining "injury"). Here, the commission found that claimant proved that his injury occurred "in the course of" his employment, but that he did not prove it also arose out of his employment.

> The issue whether an employee's work-related injury arose out of the employment "involves a mixed question of law and fact, which

- 3 -

we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001). In conducting that review, "we must view the evidence in the light most favorable to the party who prevailed before the commission." K & K Repairs & Constr. v. Endicott, 47 Va. App. 1, 6, 622 S.E.2d 227, 229 (2005). "Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). Likewise, "[w]here reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). "In determining whether credible evidence exists to support the commission's findings of fact, '[we do] not retry the facts, reweigh . . . the evidence, or make [our] own determination of the credibility of the witnesses.'" Tex Tech Indus. v. Ellis, 44 Va. App. 497, 504, 605 S.E.2d 759, 762 (2004) . . . .

Nurses 4 You, Inc. v. Ferris, 49 Va. App. 332, 339-40, 641 S.E.2d 129, 132 (2007) (brackets in original). Given the meager record here and the commission's factual findings, we conclude the commission did not err in ruling that claimant's injury did not arise out of his employment.

[A]n injury does not arise out of the employment "merely because it occurred during the performance of some employment duty if the act performed by the employee is not a causative hazard of the employment. Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." Southside Virginia Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000); see also Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989) ("The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable.").

Id. at 340-41, 641 S.E.2d at 133. A step on a staircase or into a cab can cause an injury that arises out of employment if that step has some defect. "[E]ven a step that is 'just a little bit higher than usual' *can* constitute a risk of employment." Id. at 341, 641 S.E.2d at 133 (quoting Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 569, 159 S.E.2d 633, 634 (1968)) (emphasis added).

- 4 -

Here, the evidence proved that the step onto which claimant placed his left foot was sixteen inches off the ground, which the parties agree is taller than a "normal" step in a traditional staircase. However, claimant testified that, for him, going up and down these steps into the switcher did not require any abnormal exertion – to him, these steps were indistinguishable from the steps that he normally used outside of work. Although on brief claimant contends that stepping up onto the switcher was "an unusual movement," his testimony denied this claim. His case "can rise no higher than [his] own uncontradicted testimony." Southside Virginia Training Center v. Shell, 20 Va. App. 199, 203, 455 S.E.2d 761, 763 (1995). Especially given claimant's height, the commission certainly was justified in believing his representations that climbing a sixteen-inch step did not create any extra exertion for him. Therefore, his injury, while it occurred at the workplace, did not arise out of his employment.

Claimant argues that the uncontradicted medical testimony established that the injury did arise out of his employment. However, the medical testimony did not explain how the exertion of placing his left foot on a step and beginning to put weight on that foot resulted in the rupture of his tendon. The letter provided by Dr. Wenkstern, stating that "the rupture of [claimant's] quad tendon in his left leg was caused by the injury he described having occurred at his employment," simply states the obvious – that the ruptured tendon happened as claimant described it, i.e., while he was working. Dr. Wenkstern did not opine, nor did any other witness, that this injury was the result of the particular condition of the steps used by claimant at his workplace, as opposed to the normal conditions found outside of the workplace.

Claimant also argues that every step in a workplace that deviates from the general norm for a step creates a presumption that requires that the commission find that an injury occurring while using such a step is an injury arising out of the injured person's employment. He points to Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 159 S.E.2d 633 (1968), and argues that it is

- 5 -

controlling here, requiring this Court to find that the commission erred when it denied him

benefits. However, Hosey is not controlling in every case involving a step. As the Supreme

Court explained in a case that discussed Hosey, "In deciding whether a claim arises out of the

employment, however, '[t]he facts in no two cases are identical and to a certain extent each case

must stand alone.'" Richmond Memorial Hospital v. Crane, 222 Va. 283, 286, 278 S.E.2d 877,

879 (1981) (quoting Sullivan v. Suffolk Peanut Co., 171 Va. 439, 443, 199 S.E. 504, 505

(1938)).

In Hosey, the commission found that Mrs. Hosey had presented sufficient evidence to

prove that her knee injury arose out of her employment. 208 Va. at 572, 159 S.E.2d at 636. The

Supreme Court explained, "In the present case the Commission found that Mrs. Hosey was

disabled 'as the result of a left knee injury by accident arising out of and in the course of the

employment'. This finding may not be disturbed if it be sustained by credible evidence." Id. In

this case, however, the commission found that the injury did *not* arise out of claimant's

employment. Therefore, we must affirm that finding -- the opposite of the finding in Hosey -- if

it is supported by credible evidence. Given claimant here stated that the act of stepping up onto a

sixteen-inch step did not cause him any greater exertion than walking up any normal set of steps,

there is sufficient evidence in this record to support the commission's finding and its denial of

benefits.

In County of Chesterfield v. Johnson, 237 Va. 180, 376 S.E.2d 73 (1989), where the

employee had simply walked down a flight of steps and injured himself, the Supreme Court

discussed Hosey and then found that the evidence did not support an award of workers'

compensation benefits, affirming the commission's decision. The Court explained:

> In Hosey, unlike here, something was unusual about the steps on
> which the injury occurred. They were slightly higher than normal.
> Moreover, Hosey sustained an injury while she was in the act of

- 6 -

climbing to the top step in that slightly unusual series of steps. Those facts were crucial to the decision in <u>Hosey</u>.

<u>Id.</u> at 186, 376 S.E.2d at 76. Here, however, although the step was "slightly higher than normal," the evidence also proved that the "unusual" nature of this step created no unusual problem for claimant. Therefore, based on the facts in this case, the steps did not present any unusual, work-specific risk for claimant. His own testimony undercuts any applicability of <u>Hosey</u> and even <u>Johnson</u> to this case.

<u>Conclusion</u>

Based on the evidence in this case and the relevant standard of review, we find the commission did not err in denying claimant's request for an award of workers' compensation benefits, and, therefore, we affirm the decision of the commission.

<u>Affirmed.</u>