UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:     Judges Beales, Huff and O'Brien
Argued by videoconference

KELLY ROANE

MEMORANDUM OPINION[*] BY
v.       Record No. 0450-20-4          JUDGE RANDOLPH A. BEALES
OCTOBER 27, 2020

WASHINGTON METROPOLITAN
  AREA TRANSIT AUTHORITY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

W. Brown Holston (Andrew S. Kasmer; The Law Offices of Andrew
S. Kasmer, P.C., on brief), for appellant.

Mark H. Dho (Washington Metropolitan Area Transit Authority
Office of General Counsel, on brief), for appellee.

Appellant Kelly Roane, a former employee for the Washington Metropolitan Area Transit

Authority ("WMATA"), appeals the decision of the Virginia Workers' Compensation

Commission ("the Commission") denying her permanent total disability benefits for an injury

occurring in her job on September 11, 2008.  Determining that the accident caused significant

disability in both of Roane's legs, the deputy commissioner awarded Roane both permanent

partial disability benefits and permanent total disability benefits.  The full Commission

unanimously reversed after having found insufficient evidence to establish a permanent

impairment of Roane's right leg.  On appeal, Roane argues that the full Commission erred in

concluding that she did not sustain a permanent loss of use of both of her legs, erred in not

upholding the credibility findings made by the deputy commissioner, and erred in vacating the

deputy commissioner's award granting Roane permanent partial disability benefits.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

On September 11, 2008, Roane, in her capacity as an employee of WMATA, suffered a compensable injury to her lower back while helping a wheelchair patron onto a bus. Four days after the incident, Roane filed her initial claim for temporary total disability benefits with the Commission, which approved an award agreement on April 21, 2009, for a $635.50 weekly benefit to be dispersed from September 13, 2008, to October 26, 2008. The Commission also awarded lifetime medical benefits for "reasonable, necessary and authorized medical treatment causally related to the 09/11/2008 injury." Subsequently, the Commission entered several additional orders awarding Roane additional periods of disability benefits. On January 29, 2019, the Commission sent Roane a letter indicating that "compensation benefits ended on November 18, 2018" after she received the maximum amount of 500 weeks of disability benefits allowed under Code § 65.2-518.

In December 2016, Roane began seeing Dr. Yu to address "severe lower back pain" and pain in both of her legs. Dr. Yu's notes from that visit state that Roane suffered from "radicular symptoms down [Roane's] left leg" and "[i]ntermittent pain radiating down [Roane's] right leg." Dr. Yu recommended physical therapy, injections, and back surgery. After performing back surgery in January 2017, Dr. Yu submitted a claimant status form to the Commission. The form lists sections where the physician can indicate any conditions affecting the patient's back, left leg, and right leg. Dr. Yu wrote that Roane had "L4-L5 spond[yl]olisthesis" in her back and "L4-L5 radiculopathy" in her left leg caused by "the direct result of the September 11, 2008 work accident." Dr. Yu left the section for a right leg diagnosis blank. On January 9, 2018, Roane met with Dr. Yu for a one-year follow-up appointment after her surgery, and Dr. Yu noted that "right side demonstrates no sensory deficits" and that "radicular symptoms have settled down quite a bit." On February 5, 2019, Roane met with Dr. Yu again, and Dr. Yu determined

that Roane had "low back pain" and "L4 sensory impairment and L5 sensory impairment, but no sensory deficits." His notes also state that a "[s]ensory exam of the right side demonstrate[d] no sensory deficits."

In addition to receiving medical treatment from Dr. Yu, Roane also began seeing Dr. Kemseha Delisser in December 2017, who recorded that Roane suffered from "[c]hronic back and left lower extremity pain." Roane met with Dr. Delisser on April 27, 2018, to address complaints in her "low back and bilateral legs." Dr. Delisser administered steroid injections. On May 11, 2018, Roane visited Dr. Delisser again with the "chief complaint" of "low back pain."

On March 5, 2019, Roane met with Dr. Yu again. Dr. Yu noted that Roane had "[n]o radicular symptoms at this point but she does have low back pain." On that same day, Dr. Yu completed a medical questionnaire prepared by Roane's counsel and diagnosed "L3-L5 spondylolisthesis" in Roane's back, "radiculopathy" in her right leg, and "radiculopathy" in her left leg. When asked what permanent loss of use Roane suffered to each leg due to her accident, he handwrote 25% for each leg. He marked "Correct" for the prepared question, "Is it your opinion that Kelly Roane is unable to use her legs for any meaningful, gainful employment?" He also marked "Yes" for the prepared question, "Are the above diagnoses and opinions the direct result of the September 11, 2008 work accident?" On May 13, 2019, Dr. Delisser completed the same medical questionnaire prepared by Roane's counsel and provided nearly identical answers to the prepared questions. The single difference between the answers in both questionnaires was the back diagnosis, which Dr. Delisser diagnosed as "lumbar spondylosis."

On March 6, 2019, Roane filed a claim for permanent total disability benefits, based on loss of use of both her legs, and submitted the questionnaire response from Dr. Yu, and later from Dr. Delisser, as supporting evidence. WMATA disagreed about the extent of Roane's disability and also disputed that her alleged injuries that are the basis of this claim were caused

by the work accident. A defense medical evaluation conducted in June 2019 by Dr. Stuart Gordon contradicted Roane's claims, finding that her pain was caused by "obesity and degenerative disease" as Roane at the time of Dr. Gordon's examination had a "stated weight [of] 325 pounds." Dr. Gordon found 0% impairment in both legs "with respect to the date of injury."

On August 12, 2019, the parties appeared at a hearing before Deputy Commissioner Cummins. The deputy commissioner found Roane's testimony credible and awarded Roane permanent total disability benefits based upon finding a 25% permanent loss of use of both her right and left legs. The deputy commissioner also awarded permanent partial disability benefits for 87.5 weeks. In making this determination, the deputy commissioner relied on the submitted questionnaires of Dr. Yu and Dr. Delisser. She concluded that "Dr. Yu's findings on examination and his assessment were in line with those stated in his previous report of February 5, 2019" and that "Dr. Delisser was equally firm in stating her conclusion that the claimant's back and bilateral leg complaints are caused by this accident."

WMATA appealed to the full Commission, which reversed without dissent the deputy commissioner's award of permanent partial disability benefits as well as the award of permanent total disability benefits. The Commission determined that Roane did not qualify for permanent partial disability benefits after receiving the maximum 500 weeks allowed under Code § 65.2-518. While WMATA did not raise the issue of permanent partial disability benefits on appeal to the full Commission, the Commission on its own initiative reversed the deputy commissioner's ruling. The Commission ruled that correcting "obvious mistakes" is required on review by the full Commission "to do full and complete justice," citing to both this Court's decision in Collins v. Dep't of Alcoholic Bev. Control, 21 Va. App. 671, 681 (1996), and the Supreme Court's decision in Harris v. Diamond Const. Co, 184 Va. 711, 720 (1946).

The Commission also unanimously concluded that Roane failed to meet her burden of proving a right leg impairment, which was required as a matter of law for her to succeed on her claim for permanent total disability benefits. In making this determination, Commissioner Marshall wrote, "The claimant asserts that the ratings by Dr. Yu and Dr. Delisser were based upon their years of examining and treating the claimant. However, this assertion is not borne out by the medical evidence." While acknowledging the deputy commissioner's determination of Roane's credibility and finding "Dr. Stuart Gordon's opinion unconvincing," the Commission, however, reversed the deputy commissioner and stated, "we simply find the totality of the evidence insufficient to meet the claimant's burden of proof." The Commission found that "[n]either physician's questionnaire response reasonably explained how they reached their conclusions regarding the claimant's functional loss of use" of her right leg. The Commission also found that Dr. Yu's notes dated March 5, 2019, contradicted his answers in his submitted questionnaire and further found that Dr. Delisser's rating "was not accompanied by any contemporaneous examination," thereby rendering her questionnaire answers unpersuasive. Consequently, the Commission ruled that Roane did not meet the burden of demonstrating a permanent loss of two "ratable members" (i.e., both legs) and that, therefore, she was not eligible to receive permanent total disability benefits under Code § 65.2-503(C).

Roane appealed the full Commission's decision to this Court.

## II. ANALYSIS

In order to prove that an injury is compensable under the Workers' Compensation Act, an employee must prove that his or her injury occurred "by accident arising out of and in the course of the employment." Haley v. Springs Glob. U.S., Inc., 54 Va. App. 607, 612 (2009) (quoting Code § 65.2-101). Whether an injury arises out of the employment "involves a mixed question of law and fact, which we review de novo on appeal." Blaustein v. Mitre Corp., 36 Va. App.

344, 348 (2001). However, we are bound by the Commission's factual findings and reasonable inferences drawn from the evidence if they are supported by credible evidence in the record. Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 282 (2005). "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico Cnty. School Bd., 7 Va. App. 398, 404 (1988).

In this case, Roane assigns error to three issues on appeal. The first two assignments of error address the Commission's determination that Roane did not meet her burden of proof in establishing a permanent total disability. Roane argues that "[t]he Full Commission erred as a matter of law in finding that the claimant did not sustain a permanent loss of use of both of her legs and the finding that the claimant did not meet her burden of proving permanent and total disability" and that "[t]he Full Commission erred as a matter of law in failing to uphold the credibility findings made by the deputy commissioner." The third assignment of error raises the issue that "[t]he Full Commission erred as a matter of law in vacating the deputy commissioner's award granting compensation for permanent partial disability for 87.5 weeks beginning March 5, 2019, as the appellee did not raise this issue on review."

A. Permanent Total Disability Benefits

In order for a claimant to receive compensation for permanent and total incapacity, the General Assembly mandates that the employee must suffer "[l]oss of both hands, both arms, both feet, *both legs*, both eyes, or any two thereof in the same accident." Code § 65.2-503(C)(1) (emphasis added). To succeed on this claim, "[t]he claimant must establish that [she] has achieved maximum medical improvement and that [her] functional loss of capacity be quantified

or rated." Cafaro Constr. Co. v. Strother, 15 Va. App. 656, 661 (1993).[1] This Court is "bound by the commission's findings of fact as long as 'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved' . . . even if there is evidence in the record that would support a contrary finding." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83-84 (2005) (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222 (1988)).

### 1.  The Finding of Disability for Both Legs

On appeal to this Court, Roane argues that "the opinions of the claimant's treating physicians [Dr.] Yu and [Dr.] Delisser regarding the claimant's permanent loss of use and total inability to work are clear, unequivocal, and supported by their extensive treatment histories with the claimant." During oral argument before this Court, Roane's counsel reiterated this point by stating that the Commission's decision "ignored without adequate explanation the unequivocal opinions of the claimant's two treating physicians." When pressed on the Commission's findings, Roane's counsel stated that the treating physicians' answers on the questionnaire comport with evidence in medical notes written by Dr. Yu and Dr. Delisser, showing pain in Roane's right leg. He also argued that the treating physicians agreed in their opinions. In Roane's view, Dr. Yu's opinion should be given significant weight because he performed surgery on her back. In her brief, Roane cites to a medical evaluation conducted by Dr. Yu in December 2016 showing intermittent pain radiating down her right leg and to notes from an evaluation with Dr. Delisser stating that Roane complained of pain in both her legs in April

---

[1] The Commission ruled, "The defendant did not request review of the Deputy Commissioner's finding that the claimant reached maximum medical improvement. That finding is therefore final." Roane also did not appeal that issue to this Court. Therefore, we assume that Roane is at maximum medical improvement for purposes of deciding the assignments of error before this Court on appeal.

2018. As a result, Roane argues the Commission erred as a matter of law in finding that she did not sustain a permanent loss of use of both of her legs and in finding that she did not meet her burden of proof with the submitted opinions of Dr. Yu and Dr. Delisser.[2]

Despite the questionnaire answers, the Commission determined that "there is insufficient explanation to justify reliance on the ratings by Dr. Yu and Dr. Delisser for the claimant's lower extremities." The Commission found, "Dr. Yu's first specific diagnosis of right leg radiculopathy appears in his March 5, 2019 questionnaire response. The diagnosis and 25% right leg rating are inconsistent with his examination notes from the same day, in which he noted the claimant had *no* residual radicular symptoms."

Credible evidence in the record supports the Commission's finding. Dr. Yu's notes from Roane's March 5, 2019 examination show that Dr. Yu conducted a "sensor exam of the right side" that revealed Roane's right side "demonstrate[d] no sensory defects," and Dr. Yu did not report a right side impairment. In fact, Dr. Yu gave Roane high scores on his examination of her right side: "Motor exam of the right side demonstrates 5/5 Hip Flexor (L2), 5/5 Knee Extensor (L3), 5/5 Ankle Dorsiflexor (L4), 5/5 Great Toe Extension (L5) and 5/5 Ankle Plantar Flexion (S1)." Dr. Yu also recorded that Roane's left side did actually demonstrate "L4 sensory impairment and L5 sensory impairment." Thus, the full Commission concluded, "Dr. Yu's diagnoses repeatedly related to the left side only . . . . Given this history and the lack of a reasonable explanation accompanying the right leg rating, we are unpersuaded that the claimant's right leg impairment, if any, is of exactly the same severity as her left leg impairment."

---

[2] Roane argues that the issues in all of her assignments of error are questions of law and therefore subject to a *de novo* standard of review. However, her arguments for her first two assignments of error address the findings of fact by the Commission, which are binding on appeal if supported by credible evidence. VFP, Inc. v. Shepherd, 39 Va. App. 289, 292 (2002).

In addition, the Commission found no contemporaneous medical diagnosis by Dr. Delisser in any examination notes at the time that she filled out the questionnaire that confirms her opinions on the questionnaire regarding Roane's right leg. While Roane complained of "low back" pain and "bilateral leg" pain to Dr. Delisser on April 27, 2018, Dr. Delisser's next evaluation of Roane on May 11, 2018, lists only "low back" pain as the "chief complaint" and makes no mention of a disability in the right leg. Because credible evidence supports the Commission's finding of fact that Roane did not have a permanent impairment to her right leg, the Commission did not err in ruling that Roane did not meet her burden of proving that she suffered the permanent loss of use of two body parts, as required by Code § 65.2-503(C)(1).

## 2. The Findings of the Deputy Commissioner

"When the full commission does not hear the witness' testimony, the deputy's observations about witness credibility become a part of the evidence which the commission may not arbitrarily ignore and dismiss." Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383 (1987). While this Court is bound by the findings of fact of the full Commission, "a specific, recorded observation of a key witness' demeanor or appearance in relation to credibility is an aspect of the hearing that the commission may not arbitrarily disregard." Id. at 382.

In this case, the deputy commissioner found Roane's testimony credible. The deputy commissioner stated, "We had the opportunity to watch her ambulate and paid attention to it. There was no artifice in her movements or manner when ambulating from counsel's table to the witness table and when ambulating in the courtroom. Her discomfort appeared genuine." In addition, the deputy commissioner stated, "We had the opportunity to observe claimant and consider her testimony a little over 4 years ago, on January 23, 2015. And we remember her and her presentation at that time. The deterioration from her prior hearing to this hearing was

- 9 -

noticeable. It was credible." Roane argues that the Commission failed to afford the proper weight to the deputy commissioner's credibility finding.

However, the Commission did not overrule the deputy commissioner's credibility findings of Roane; rather, the Commission concluded, "We acknowledge the Deputy Commissioner's observation of the claimant's condition and her assessment of the claimant's testimony. However, we do not find that evidence sufficient to overcome the lack of persuasive medical evidence in this case." We cannot say that the Commission erred in making this determination when considering the medical evidence and witness testimony in its totality.

While the deputy commissioner stated that she observed a deterioration in Roane's condition, the record does not reflect that Roane's appearance and her ambulation are sufficient to overcome a lack of persuasive medical evidence that she suffered loss of use in both legs as a result of the September 11, 2008 accident and that she is now eligible for permanent total disability benefits beyond the 500 weeks of disability payments she has already been paid. During her hearing, Roane testified that she suffers from leg pain and cannot walk for a long period of time, but the deputy commissioner never made a specific finding of fact at that hearing regarding whether the 2008 accident caused any right leg disability. Because no treating physicians testified at that hearing, the deputy commissioner could only make credibility findings regarding the testimony from Roane. Furthermore, the deputy commissioner's opinion also states that Roane met with a doctor on July 25, 2013, who "felt she had morbid obesity" and that Roane "had multiple MRIs of the lumbar spine which revealed degenerative disease." Therefore, the record supports the Commission's determination that Roane failed to meet her

burden of proof of establishing a disability in both legs. Accordingly, we affirm the Commission's decision on permanent total disability.[3]

### B. Permanent Partial Disability Benefits

Roane contends the Commission erred as a matter of law in vacating the deputy commissioner's award granting compensation for permanent partial disability benefits for 87.5 weeks. WMATA failed to raise the issue on review with the Commission. Roane argues that this failure to assign error before the full Commission constitutes a waiver under Rule 3.1 of the Workers' Compensation Commission.

The General Assembly enacted Code § 65.2-518, which mandates that "the total compensation payable under this title shall in no case be greater than 500 weeks . . . except in cases of permanent and total incapacity as defined in § 65.2-503 C and in cases of permanent disability under subdivision A 4 of § 65.2-504 and death from coal worker's pneumoconiosis under § 65.2-513." The only exception to the 500-week maximum limit mandated under the statute that could apply to Roane is the exception for "permanent and total disability" under Code § 65.2-503(C). The full Commission correctly found that Roane did not meet her burden under Code § 65.2-503(C) of proving permanent total disability for loss of use of her two legs. Therefore, because she has already received 500 weeks of workers' compensation disability benefits beginning in 2009 and ending in 2018, Roane is prohibited under Code § 65.2-518 from receiving permanent partial disability benefits.

---

[3] In her brief, Roane also argues her impairment to her right leg is now the "law of the case" and, therefore, cannot be challenged in this appeal. She contends that the summary of evidence in a 2009 order by Deputy Commissioner Stevick records a finding of fact that Roane has a "lumbar strain with radiculitis." According to Roane, that finding cannot be challenged. However, regardless of whether or not we were to agree with Roane on this point, we must note that Deputy Commissioner Stevick found that "[t]he doctor diagnosed a lumbar strain with radiculitis and a history of chronic back and left leg pain." That order is silent on the condition of Roane's right leg in 2009.

Rule 3.1 of the Workers' Compensation Commission states, in pertinent part:

> A request for review should assign as error specific findings of fact and conclusions of law. Failure of a party to assign any specific error in its request for review may be deemed by the Commission to be a waiver of the party's right to consideration of that error. *The Commission may, however, on its own motion, address any error and correct any decision on review if such action is considered to be necessary for just determination of the issues.*

(Emphasis added). Allowing the award to stand would have required the Commission to violate Code § 65.2-518. The Commission not only operated within its legal authority but also according to its responsibility under the law when it acted *sua sponte* to reverse the deputy commissioner's award of 87.5 weeks of permanent partial disability benefits. Therefore, the full Commission did not err as a matter of law. See Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 521-22 (1998) ("Rule 3.1 provides the commission may, *sua sponte*, 'address any error and correct any decision on review.' That authority hinges upon the commission's determination that consideration of an issue not raised by the parties is 'necessary for just determination of the issues.'").

## III. CONCLUSION

In short, we cannot say that the Commission erred in finding Roane ineligible for disability benefits beyond the maximum 500 weeks she has already received and that are the most allowed under Code § 65.2-518. After sustaining her injury on September 11, 2008, Roane began receiving both workers' compensation disability benefits and lifetime medical benefits for "reasonable, necessary and authorized medical treatment causally related to the 09/11/2008 injury." Under Code § 65.2-518, Roane's ability to receive permanent partial disability benefits expired in November 2018 after having already received 500 weeks of disability payments. Therefore, we affirm the Commission's decision to vacate the deputy commissioner's award of permanent partial disability benefits for 87.5 more weeks beginning March 5, 2019. Despite

- 12 -

WMATA's not appealing this issue from the deputy commissioner to the full Commission, the Commission properly raised the issue *sua sponte* in order to correct a clear mistake of the deputy commissioner. Failure to make this reversal would have resulted in the Commission acting contrary to the requirements of Code § 65.2-518 and outside the scope of authority granted to it by the General Assembly.

While a "permanent and total incapacity" exception exists for the 500-week maximum limitation on disability benefits, we cannot say the Commission erred in its finding of fact that Roane did not suffer the loss of use of two body parts required by Code § 65.2-503(C) to meet that exception. The full Commission reviewed the totality of the evidence and discovered contradictions in the answers submitted in a prepared questionnaire by Dr. Yu and notes taken by him on that same day in March 2019. While his questionnaire response indicated a loss of use in Roane's right leg, Dr. Yu's medical notes from an evaluation he made of Roane on that same day mentioned no right leg impairments, gave her excellent scores on a right side motor examination, and noted "[n]o radicular symptoms at this point." The lack of contemporaneous evidence demonstrating a right leg disability in Dr. Delisser's evaluation notes caused the Commission to find her questionnaire answers unpersuasive as well. Despite Roane's reliance on the questionnaire answers, credible evidence supports the full Commission's finding of fact that Roane did not prove impairment to her right leg. Therefore, we hold that the Commission did not err in denying her claim for permanent total disability benefits because Roane did not meet her burden of proving "permanent and total incapacity" in both legs, as required under Code § 65.2-503(C).

Consequently, for all of these reasons, we affirm the full Commission's unanimous decision in this case.

Affirmed.