COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Petty, Russell and Malveaux
Argued by videoconference


CJ DESIGNS INC. AND
  NATIONAL LIABILITY & FIRE INS. CO.
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1251-20-4                        JUDGE WILLIAM G. PETTY
                                                    JUNE 15, 2021
JOYCE WILLIAMS


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Joseph R. Coules (Semmes, Bowen & Semmes, P.C., on brief), for
                appellants.

                No brief or argument for appellee.


       The seven assignments of error presented by CJ Designs Inc. and National Liability &

Fire Ins. Co. (employer) can be consolidated into one issue:  whether the Workers'

Compensation Commission erred when it found the injury suffered by Joyce Williams arose out

of her employment.[1]  For the reasons explained below, we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The seven assignments of error are as follows:  "The Full Commission incorrectly found
Claimant suffered an injury arising out of her employment"; "the Full Commission incorrectly
found Claimant's injury was caused by conditions of her workplace"; "the Full Commission
incorrectly found Claimant's injury was suffered while she was engaged in one continuous
event"; "the Full Commission incorrectly reversed Deputy Commissioner Culbreth's finding that
Claimant's injury did not arise out of a risk peculiar to her employment"; "Appellants challenge
the sufficiency of the evidence to support the findings of the Full Commission that Claimant
suffered an injury arising out of her employment"; "Appellants challenge the sufficiency of the
evidence to support the findings of the Full Commission that Claimant's injury was caused by
conditions of her workplace"; and "Appellants challenge the sufficiency of the evidence to
support the findings of the Full Commission that Claimant's injury was suffered while she was
engaged in one continuous event."

BACKGROUND

Because this is an unpublished opinion that carries no precedential value and the parties are fully conversant with the record, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. As with any appeal challenging the sufficiency of the evidence, we consider the evidence in the light most favorable to the prevailing party, here Williams. See Hall v. Commonwealth, 55 Va. App. 451, 453 (2009).

Joyce Williams, who was seventy-one years old at the time of the accident, worked for employer as a certified nursing assistant at a residential facility for elderly people and for individuals with disabilities. Williams transported an elderly woman to a doctor's appointment. Because the woman was upset after the appointment, Williams asked for help in transitioning the woman into the car. Two nurses lifted the woman under the arms and twisted her around while Williams bent over to lift the woman's legs onto the floorboard of the car. Williams explained that she had to bend straight forward from the waist "to pivot [the woman] around to get her feet into the car" because there was no room as the wheelchair was next to the vehicle. Williams had her "hands under [the woman's] feet putting her around" when she heard something pop and felt severe pain. She immediately raised herself up and said, "Oh, my God. My back."

Williams filed claims on February 5, February 22, and June 2, 2018, alleging injury by accident. By order dated July 8, 2019, the Commission found Williams suffered an injury arising out of accident, thereby reversing the deputy commissioner. The Commission remanded the case to the deputy commissioner for resolution of other issues.[2] On remand, the deputy

---

[2] Employer appealed to this Court the Commission's July 8, 2019 order. By order dated March 3, 2020, this Court dismissed the appeal without prejudice because we lacked jurisdiction to review an order that was not final. See Code § 17.1-405.

commissioner found some treatment sought by Williams was unauthorized and disallowed claims for it. The deputy commissioner also found that Williams was released to light duty on April 19, 2018, and full duty on July 25, 2018; she failed to market her residual capacity in between the two dates. By order dated May 22, 2020, the deputy commissioner entered an award for medical benefits causally related to the accident and temporary total disability from the time of the accident to the time she was released to light duty. The Commission affirmed the deputy commissioner's May 22, 2020 opinion; the Commission additionally refused to revisit or modify its July 8, 2019 decision that William "suffered an injury by accident arising out of [her] employment." Employer now appeals that decision.[3]

ANALYSIS

"In order to prove that an injury is compensable under the Workers' Compensation Act, an employee must prove that his or her injury occurred 'by accident arising out of and in the course of the employment.'" Haley v. Springs Glob. U.S., Inc., 54 Va. App. 607, 612 (2009) (quoting Code § 65.2-101).

> [A]n injury [does not arise out of the employment] merely because it occurred during the performance of some employment duty if the act performed by the employee is not a causative hazard of the employment. Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment.

Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 829 (2000). "The issue whether an employee's work-related injury arose out of the employment "involves a mixed question of law and fact, which we review *de novo* on appeal." Haley, 54 Va. App. at 612 (quoting Nurses 4 You, Inc. v. Ferris, 49 Va. App. 332, 339 (2007)). "Factual findings by the Commission that are

---

[3] Williams appealed to the Commission the deputy commissioner's decisions denying her various benefits. Williams did not, however, appeal to this Court the Commission's affirmance of the deputy commission's decisions. Those decisions are therefore not before us.

supported by credible evidence are conclusive and binding upon this Court on appeal." S. Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134 (1993). Likewise, "[w]here reasonable inferences may be drawn from the evidence in support of the [C]ommission's factual findings, they will not be disturbed by this Court on appeal." Haley, 54 Va. App. at 612.

Employer lumps its seven assignments of error together and addresses them with four arguments. Employer first argues there is no credible evidence to support a factual finding that Williams's injury was caused by conditions of her workplace. This argument is without merit. At the time of injury, the evidence showed that two nurses, the wheelchair, the woman, and Williams were all in the confined area of the open passenger door working to pivot the woman from the wheelchair to the vehicle. The Commission accepted Williams's testimony that she was trying to "pivot" the woman's feet to put them in the car and that she had to bend from the waist instead of with her knees. The evidence supported the Commission's finding that Williams was injured when she "was required to bend straight from the waist to perform this maneuver [of lifting and pivoting the feet] because of the placement of the patient's wheelchair next to the vehicle." It was thus the confined conditions of the workplace that caused the injury.

Employer next argues Williams's injury did not "arise[] out of her employment [because] simple acts of walking, bending, or turning are not risks of employment." This argument is likewise without merit. While "[s]imple acts of walking, bending, or turning, *without any other contributing environmental factors*, are not risks of employment," Ellis, 33 Va. App. at 829 (emphasis added), the evidence here showed other contributing environmental factors. These included the confined conditions of the workplace. The evidence thus supports the Commission's finding that Williams "was not simply bending or arising from a bent position. Rather, the manner in which she was required to perform the task was sufficiently awkward to arise out of her employment."

- 4 -

Employer next argues the Commission "incorrectly found [Williams's] injury was the result of a continuous event [because Williams] did not engage in any exertive activity." Employer argues the Commission failed "to articulate what supposed 'motions' [Williams] described qualify as exertive" and that its finding of a continuous event "is fundamentally flawed" and is "unsupported by an actual underlying exertive physical activity testified to by [Williams]." We disagree. Williams described the event sufficiently for the Commission to conclude it was a multi-step process of moving the wheelchair into position, bending over to scoop up the woman's feet, and pivoting to place those feet in the car at the same time that two other people moved the patient's upper body. The evidence supports the Commission's finding that Williams "was not simply bending or arising from a bent position" as an isolated movement but rather that the process of transferring the patient was one continuous task. Moreover, the Commission found that during this process, the conditions of the workplace at that moment caused her to bend in an awkward position. Credible evidence supported the Commission's finding that Williams, "at the time of the injury, performed [her] work task in 'an unusual or awkward position.' As a consequence, because the injury to [her back] was caused by exertion on that occasion that was peculiar to [her] employment, [her] injury arose out of [her] employment." Ogden Allied Aviation Servs. v. Shuck, 18 Va. App. 756, 759 (1994) (finding that the act of looking up was "exertion" when done in an unusual or awkward position).

Finally, employer argues that even if Williams's "allegations regarding her injury . . . are accepted, such allegations still do not establish [Williams's] injury arose out of her employment." Employer argues that Williams "bent and reached in a non-unique manner" that "did not create any heightened risk of injury." As discussed above, the Commission's factual findings that Williams's injury was caused by bending in an awkward position necessitated by

the conditions of the workplace are supported by the evidence and therefore binding on this Court on appeal.

## CONCLUSION

The factual findings of the Commission and the reasonable inferences that flow from those facts support the Commission's conclusion that Williams suffered an injury arising from her employment. Accordingly, we affirm.

<u>Affirmed.</u>